■ KRISTIAN A. MILLER, an Infant, by His Guardian ad Litem, SUSAN S. MILLER, Appellant, v ANDREW F. MILLER, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Orange County (Isseks, J.), dated January 4, 1983, which dismissed the complaint, after a jury verdict to the effect that the plaintiff had not permanently lost the use of a body function and had not sustained a significant disfigurement. ¶ Judgment reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Orange County, for entry of an interlocutory judgment holding that plaintiff suffered "serious injury" as defined in subdivision 4 of section 671 of the Insurance Law, and adjudicating defendant liable to plaintiff, and for a trial on the issue of damages. ¶ Among the damages suffered by the infant plaintiff in the automobile accident was a jagged laceration through the lower lip. The uncontested permanent sequelae included a star-shaped scar on the midpart of the lower lip extending into the upper portion of the chin, hypersensitivity to cold in the area of the scar, and laceration of the muscle that contracts the lower lip with the result that the lips cannot pucker. Defendant did not contest the testimony of the treating physician that the latter permanent injury was

due to the cutting of the "muscle that circles around the lips, and that closes the mouth, let's say, when we whistle and that closes down in", and that the ability to make use of this muscle was "one of the function [*sic*] of the body". ¶ Since defendant conceded liability, the only issues at trial were whether the infant suffered a "serious injury", as defined by subdivision 4 of section 671 of the Insurance Law, and if so, the money damages therefor. The jury was presented with the following two alternative interrogatories as to serious injury: "[H]as the plaintiff * * * permanently lost the use of a body function or system?" and "Has the plaintiff sustained an injury which is a significant disfigurement?" The responses were no as to both; therefore, in accordance with the court's instructions, the jury did not fix damages. ¶ We hold that, as a matter of law, there was a permanent loss of use of a body function. We note that of the eight disjunctive types of serious injuries listed in subdivision 4 of section 671, there are two that refer to "body function". The type of "serious injury" considered by the jury was the *permanent* loss of * * * a body * * * function", and not the *significant* limitation of use of a body function" (Insurance Law, § 671, subd 4; emphasis supplied). The essential difference between these two types of "serious injury" is that the "significant limitation of use of a body function" does not require *permanence,* but instead requires a fact finding on the issue of whether the dysfunction is important enough to reach the level of significance. Similarly, the "permanent loss of * * * a body * * * function" does not involve in any fashion the element of *significance,* but only that of *permanence.* Indeed, if it did, there would be no need to list "significant limitation of use of a body function" in a separate category. ¶ Here, defendant did not contest that the affected muscle suffered a permanent inability to contract and pucker the lower lip, and that this was a loss of a body function. The fact that this muscle and this function may not loom large when compared to other muscles and body functions may be relevant on the issue of damages; however, *it is not relevant on the threshold issue of "serious injury".* In this case, the question of whether the injury is "significant", which would ordinarily be a question of fact for the jury (cf. *Luppino v Busher,* 97 AD2d 499), is not relevant. ¶ In view of this determination it is unnecessary to consider whether the trial court's failure to submit to the jury the question of whether plaintiff suffered a "significant limitation of use of a body function" constituted fundamental error. Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.