LISA M. SWENNING, Plaintiff, and DEBORAH MOORE, Respondent, v PATRICIA WANKEL, Appellant

The plaintiff Deborah Moore alleges that she was injured when the vehicle in which she was a passenger was struck in the rear by the defendant's vehicle. The defendant's motion for summary judgment dismissing the complaint on the ground that Moore had failed to sustain a "serious injury" as defined by Insurance Law § 5102 (d) was initially granted by the court on the basis that Moore had failed to show permanency of the injuries or significant limitation. Moore moved to reargue, contending that the medical reports submitted by her also showed that she had suffered a "significant limitation of use of a body function or system". The Supreme Court agreed, granted reargument, and upon reargument, vacated its earlier order granting summary judgment.

Motions for reargument are addressed to the sound discretion of the court and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision (*Rodney v New York Pyrotechnic Prods.*, 112 AD2d 410). The Supreme Court did not abuse its discretion in granting reargument.

Insurance Law § 5102 (d) defines a "serious injury" as including a "significant limitation of use of a body function or system". The report of Moore's treating physician indicated that Moore's "[L]umbar flexion was reduced approximately 30%. Lumbar extension was limited and painful. Right and left lumbar rotation was restricted approximately 20% * * * Right and left cervical rotation was diminished approximately 30%. Cervical extension was limited and caused radiating pain towards the left upper extremity". The diagnosis of Moore's condition was listed as "guarded" and treatments were continuing. Whether such objectively measured limitations are significant is an issue of fact sufficient to defeat the defendant's motion for summary judgment (*see, e.g., Lopez v Senatore*, 65 NY2d 1017).

We have examined the defendant's remaining contentions and find them to be without merit. Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.