■ Shirley M. Hughes, Respondent, v Claudette A. Poulin et al., Appellants, et al., Defendants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered January 8, 1988 in Schenectady County, which denied a motion by defendants Claudette A. Poulin and Reginald L. Poulin for summary judgment dismissing the complaint against them.

Plaintiff was injured when defendant Claudette A. Poulin, driving an automobile owned by defendant Reginald L. Poulin, rear-ended a vehicle owned by defendant Ace Alarm Company and operated by defendant Kenneth R. Fresoni; allegedly, the momentum of the impact carried the latter vehicle forward, causing it to strike plaintiff's automobile. Plaintiff commenced this action claiming she had been seriously injured in that she suffered cervical and right knee sprains, believed to be permanent, and was unable to perform her usual and customary activities for more than 90 of the 180 days following the accident. The Poulins moved for summary judgment dismissing the complaint against them, arguing that plaintiff had not sustained a serious injury as defined by Insurance Law § 5102 (d). In support of their motion, they submitted an attorney's affidavit, unsworn medical reports, uncertified medical records, excerpts from plaintiff's examination before trial and

the pleadings. In opposition, plaintiff submitted affidavits of her attorney, her daughter, her treating physician and herself. Supreme Court denied the motion and this appeal ensued; we affirm.

The proof offered by the Poulins is insufficient to justify summary judgment, for the medical evidence is not in admissible form (see, Plouffe v Rogers, 144 AD2d 218; Amodeo v Pitcher, 125 AD2d 850, 851) and plaintiff's testimony does not indicate that her injury was less than that required by Insurance Law § 5102 (d) to maintain this action. Nor does searching the record avail the Poulins, for although the affidavit of plaintiff's physician does little to enhance her cause, it does not establish the absence of a serious injury. Moreover, evidence in inadmissible form may be considered to defeat a motion for summary judgment where it appears that the facts therein can conceivably be proven at trial (see, Siegel, NY Prac § 281, at 338) and there is an acceptable excuse for failure to meet the otherwise strict requirement of tender in admissible form (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068). Here, the hospital records may be considered on plaintiff's behalf since they were submitted by the Poulins, whose responsibility it was to submit them in admissible form. The affidavits of plaintiff and her daughter, a certified nurse's aide read in conjunction with the hospital records and the affidavit of plaintiff's attending physician, an orthopedic specialist, wherein he noted some 18 days after the accident that examination of plaintiff's cervical spine disclosed a 15% reduction in range of motion, and again two weeks later that the condition of her neck had improved very little despite intervening physical therapy treatment, arguably create a question of fact regarding whether plaintiff was prevented by reason of her injuries from performing substantially all of her customary daily activities for more than 90 of the 180 days following the accident (cf., Mulhauser v Wood, 107 AD2d 1019, appeal dismissed 65 NY2d 637).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.