■ ANNIE ROBBIE et al., Plaintiffs, and LORRAINE SCHWEERS et al., Respondents, v KENNETH LEDEOUX, Appellant.—In an action to recover damages for personal injuries, etc., sustained in an automobile accident, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered February 29, 1988, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Lorraine Schweers and George Schweers.

Ordered that the order is affirmed insofar as appealed from, with costs.

The respondent Lorraine Schweers commenced this action to recover damages for personal injuries allegedly sustained as a result of an automobile accident which occurred on September 12, 1984. The automobile which the injured respondent was driving was struck from behind by the defendant's auto-

mobile. According to the injured respondent, the impact of the accident threw her body forward and then backward, causing her to sustain trauma to her neck, lower back and upper and lower extremities. After the accident, she was taken to the hospital by ambulance. Due to the injuries she sustained in the accident, the injured respondent claimed that she was unable to return to work for a period of three months.

The defendant moved for summary judgment, contending that the injured respondent had not suffered a serious injury within the meaning of Insurance Law § 5102 (d), and that therefore, the Schweers were not entitled to maintain this action (see, Insurance Law § 5104 [a]). The Supreme Court denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted by the Schweers on the ground that the Schweers had established a prima facie case of serious injury. We affirm.

It is for the court, in the first instance, to determine whether a plaintiff has established a prima facie case of sustaining serious injury (Licari v Elliott, 57 NY2d 230). In support of his motion for summary judgment, the defendant submitted an affirmation from his attorney, portions of the injured respondent's bill of particulars and the affidavit and report of Dr. Douglas Ashendorf, who determined that the subjective complaints of the injured respondent did not constitute a disability. In opposition to the defendant's motion, the respondents submitted affidavits from their attorney, their treating physician, Dr. Shafi Wani, and Dr. Wani's report. After completing a neurological work-up, Dr. Wani concluded that the injured respondent had suffered multiple herniated discs, carpal tunnel syndrome and back strain as a result of the accident and that the injured respondent's injuries were serious and permanent. His prognosis for her recovery was "extremely guarded".

The affidavit of the injured respondent's treating physician, a neurologist, in this case setting forth the injuries and the extent of her course of treatment, identifying a limitation of movement in the injured respondent's neck and expressing an opinion that there was a significant limitation of use of a described body function or system, was sufficient for the denial of summary judgment (see, Lopez v Senatore, 65 NY2d 1017; cf., Popp v Kremer, 124 AD2d 720; Padron v Hood, 124 AD2d 718; Caiazzo v Crespi, 124 AD2d 623). The medical report and affidavits submitted by the defendant at best gave rise to questions of credibility, precluding summary judgment (Lopez

*v Senatore, supra)*. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.