■ NELLY M. HEALEA, Respondent, v ANGELO P. ANDRIANI, Appellant.─

In order to be entitled to summary judgment, it was incumbent upon the defendant to demonstrate that the plaintiff did not suffer from any condition defined in the Insurance Law as a "serious injury" (see, Insurance Law § 5102 [d]). The defendant therefore had the burden of proving, inter alia, that the plaintiff did not suffer a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Considering that the defendant's own examining physician found a restriction of motion consisting of "a lack of thirty degrees in the frontal and sagittal abduction of each shoulder", and considering that the medical evidence submitted by the plaintiff tends to prove that she had suffered a permanent partial disability with respect to her cervical spine and lower back, we conclude that an issue of fact exists as to whether the plaintiff suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; see also, Lopez v Senatore, 65 NY2d 1017; Robbie v Ledeoux, 146 AD2d 764; Hughes v Poulin, 144 AD2d 846; Swenning v Wankel, 140 AD2d 428; cf., Thomas v Drake, 145 AD2d 687; Leschen v Kollarits, 144 AD2d 122). The evidence in the present case, which, considered as a whole, "identif[ies] a limitation of movement * * * and express[es] an opinion that there was a significant limitation of use of a described body function or system, was sufficient for the denial of summary judgment" (Robbie v Ledeoux, supra, at 765). Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.