◼ ROSEANN DELFINO, Appellant, v ROBERT W. DAVEY et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated May 9, 1988, which granted the motion of the defendants Rhonda D. Kosseff and Sheila J. Kosseff, and the cross motion of the defendant Robert W. Davey, for summary judgment.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted summary judgment in favor of the defendants. The medical reports submitted by the plaintiff do not establish that she suffered a permanent loss of use of a body organ, member, function, or system (Insurance Law § 5102 [d]). Those reports show that the plaintiff sustained a mild cervical, thoracic, and lumbar sprain. We find that the injuries are insignificant within the meaning of the statute *(see, Palmer v Amaker, 141 AD2d 622; see also, Martini v Asmann, 146 AD2d 571; Grotzer v Levy, 133 AD2d 67)*, notwithstanding numerous visits by the plaintiff to physicians. Moreover, "[t]he subjective quality of plaintiff's transitory pain does not fall within the objective verbal definition of serious injury as contemplated by the No-Fault Insurance Law" *(Scheer v Koubek, 70 NY2d 678, 679; see also, McLiverty v Urban, 131 AD2d 449; De Filippo v White, 101 AD2d 801)*. Nor has the plaintiff presented any evidence establishing that she was prevented from "performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence" (Insurance Law § 5102 [d]). Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.