■ MARGARET MALLOY et al., Appellants, v JOHN BRISCO et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff Margaret Malloy appeals from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated April 5, 1990, as granted the defendants' motions for summary judgment dismissing her cause of action on the ground that she failed to prove that she had suffered a serious injury within the meaning of Insurance Law § 5102 (d), and the plaintiff Phyllis Malloy appeals from so much of the same order as referred her cause of action to the District Court, Nassau County, for arbitration.

Ordered that the order is affirmed, with costs.

In support of their motions for summary judgment, the defendants submitted the pleadings and a portion of the examination before trial of the plaintiff Margaret Malloy. In

opposition, Margaret Malloy offered her own affidavit and a physician's report. Margaret Malloy's examination before trial indicated that approximately four weeks after the accident she returned to both work and her duties as a member of the local volunteer ambulance crew.

On these facts the court properly granted the defendants' motions for summary judgment. By her own admission, Margaret Malloy was not disabled for a period of 90 during the 180 days immediately following the occurrence of the injury *(see,* Insurance Law § 5102 [d]). In addition, Margaret Malloy's affidavit of subjective pain was insufficient to raise a triable issue of fact *(Zoldas v Louise Cab Corp.,* 108 AD2d 378, 381). Under these circumstances, Margaret Malloy failed, as a matter of law, to establish that she sustained a serious injury within the meaning of the statute (Insurance Law § 5102 [d]; *DeFilippo v White,* 101 AD2d 801; *Hezekiah v Williams,* 81 AD2d 261). Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.