■ CHRISTINE RHIND, Respondent, v RICHARD D. NAYLOR, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, the defendant Richard D. Naylor appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated September 20, 1990, which denied his motion for summary judgment dismissing the complaint in its entirety.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The medical reports submitted by the appellant, prepared by the plaintiff's treating physicians, establish that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) (see, Pagano v Kingsbury, 182 AD2d 268). Those reports show that the plaintiff suffered mild cervical and lumbar sprains. We find that these injuries are insignificant within the meaning of the statute (see, Serio v Radin, 168 AD2d 612; Konco v E.T.C. Leasing Corp., 160 AD2d 680; Delfino v Davey, 159 AD2d 604). The subjective quality of the plaintiff's pain does not fall within the objective verbal definition of serious injury as contemplated in the no-fault law

*(see, Konco v E.T.C. Leasing Corp., supra; Delfino v Davey, supra)*. In addition, the plaintiff has failed to present any evidence establishing that she was prevented from "performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence" (Insurance Law § 5102 [d]). Thompson, J. P., Harwood, Balletta, Rosenblatt and Eiber, JJ., concur.