■ JEAN McHAFFIE, Appellant, v MINDI ANTIERI et al., Respondents.—In a personal injury action, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated October 9, 1990, which granted the separate motions of the defendant Sue Hee Kim and the defendants Mindi Antieri and Matilda Marrero for summary judgment dismissing the complaint, and (2) an order of the same court, dated March 13, 1991, which denied what was in effect a motion for reargument.

Ordered that the appeal from the order dated March 13, 1991, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 9, 1990, is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs, are awarded one bill of costs.

The defendants submitted proof in admissible form which established that the plaintiff had not suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). The burden thus shifted to the plaintiff to demonstrate the existence of a triable issue of fact (e.g., Pagano v Kingsbury, 182 AD2d 268; see also, Grasso v Angerami, 79 NY2d 813). The plaintiff failed to meet this burden.

That the plaintiff experiences "intermittent pain in the left knee" is insufficient to establish that she suffers from a serious injury (see, e.g., Scheer v Koubek, 70 NY2d 678; Duryea v Zung, 185 AD2d 912; Tipping-Cestari v Kilhenny, 174 AD2d

663). There was no proof that this knee condition resulted in an objectively measured or quantified limitation on the plaintiff's ability to walk or bend (see, Philpotts v Petrovic, 160 AD2d 856; O'Neill v Rogers, 163 AD2d 466). The opinions expressed by the plaintiff's experts as to causation and as to permanence were stated in wholly conclusory terms, and are thus without evidentiary value (see, e.g., Gaddy v Eyler, 79 NY2d 955; Lopez v Senatore, 65 NY2d 1017; Cannizzaro v King, 187 AD2d 842; Flater v Brennan, 173 AD2d 945).

Accordingly, the order dated October 9, 1990, is affirmed. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.