■ ERIC TAMAROFF, Appellant, v ESTATE OF DOROTHY FISHER, Respondent. [599 NYS2d 126] —In an action to recover damages for personal injuries sustained in an automobile accident, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Nassau County (Brucia, J.), entered January 30, 1991, which, upon a jury verdict, is in favor of the plaintiff in the principal sum of only $13,000.

Ordered that the judgment is affirmed, with costs.

We reject the plaintiff's contention that the damages awarded were inadequate. At the trial, there was no proof that the plaintiff suffered any fractures or spinal cord injuries. The testifying physicians disagreed as to whether he even suffered a herniation. Some of the medical records revealed that the plaintiff never complained of pain in the region of the spine where the herniation allegedly occurred. In addition, an employment-related physical exam of the defendant, taken about 14 months after the accident, indicated that he was "physically qualified * * * without limitations". Thus, it cannot be said that the damages awarded for past pain and suffering and loss of wages deviated materially from what would be reasonable compensation for the plaintiff's alleged injuries (see, Rubin v Aaron, 191 AD2d 547; Heberer v Nassau Hosp., 119 AD2d 729; see also, CPLR 5501 [c]; Orris v West, 189 AD2d 866). Indeed, while finding that the plaintiff was unable to perform substantially all of his usual and customary daily activities for at least 90 of the 180 days immediately

after the accident, the jury rejected the plaintiff's claim that he sustained any "permanent loss", "permanent consequential limitation" or "significant limitation" of a body function or system.

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.