■ DONALD BARRETT et al., Appellants, v DAVID HOWLAND et al., Respondents. [608 NYS2d 681] —In an action to recover damages for personal injuries, etc., and property damage, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), entered May 11, 1992, which granted the separate motions of the defendants Margaret Wright, David Howland and Perry Howland for summary judgment dismissing the complaint on the ground that the plaintiffs failed to establish that the plaintiff Donald Barrett suffered a "serious injury" within the meaning of Insurance Law § 5102 (d).

Ordered that the order and judgment is modified, on the law, by deleting therefrom the provision dismissing the plaintiffs' third cause of action alleging damage to their motor vehicle; as so modified, the order and judgment is affirmed, without costs or disbursements.

We agree with the trial court that the plaintiffs failed to present evidence that the plaintiff Donald Barrett suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). In order to establish a "significant limitation of use of a body function or system", a plaintiff must present objective quantified evidence of the extent or degree of the limitation and its duration (see, McHaffie v Antieri, 190 AD2d 780; Oswald v Ospina, 187 AD2d 570). Mere subjective complaints of pain alone, as well as medical opinions clearly based upon such complaints, are insufficient to raise a triable issue of fact (see, Malloy v Brisco, 183 AD2d 704). A most telling fact in the present case is that by his own testimony, the plaintiff Donald Barrett missed no days of work from his job as a warehouse worker and was at most prevented from performing his duties as a volunteer firefighter in as "aggressive" a manner as he was accustomed to (see, Craft v Brantuk, 195 AD2d 438). Taken together, the evidence establishes nothing more than a mild back sprain which is insignificant within the meaning of the statute (see, Rhind v Naylor, 187 AD2d 498).

However, the Supreme Court improperly dismissed the plaintiffs' cause of action to recover for damages to their automobile. The defendants' motions to dismiss pursuant to CPLR 3211 (a) (7) were not directed to this cause of action, and no evidence was presented on the issue. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.