Marilyn **ZABEL** and Ronald **Zabel, Plaintiffs,**

v.

Troy Howard **OLSEN** and Automobile Transport Specialist, Inc., **Defendants.**

No. 94–CV–739.

United States District Court, N.D. New York.

Aug. 18, 1995.

Finkelstein, Levine Law Firm, Newburgh, NY (Terry D. Horner, of counsel), for plaintiffs.

Frederick J. Murphy Assoc. Goshen, NY (Lawrence D. Lissauer, of counsel), for defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Presently before the Court is defendants' motion for summary judgment made pursuant to Fed.R.Civ.P. 56. For the reasons to follow, the motion is denied.

## I. BACKGROUND

This action arises from an August 1, 1991 motor vehicle accident on the New York State Thruway. Defendant Troy Howard Olsen was the driver of a tractor trailer owned by defendant Automobile Transport Specialist, Inc., which collided with the plaintiffs' car. Plaintiffs claim that the tractor trailer side swiped their car forcing their car to hit the center median. This all occurred while plaintiffs were on vacation.

These facts are not in dispute: Plaintiff Marilyn Zabel did not seek medical attention until mid-August, at least two weeks after the accident. It was at this time that she concluded her vacation and arrived back in her native State of Virginia. At this time, she saw Dr. Perry complaining of neck, lower back and knee pain. She was treated by the doctor, and she did not seek further medical attention until December, 1991. At that time, she sought treatment from Dr. Thomas J. Klein of the Orthopedic & Sports Injury Specialists group in Reston, Virginia. At no time was plaintiff hospitalized for her alleged injuries from the accident.

Now, defendants are bringing a motion for summary judgment claiming that the injuries suffered by the plaintiffs do not meet the threshold "serious injury" requirement under New York's no-fault insurance laws.

## II. DISCUSSION

Rule 56(c) provides that the court may grant summary judgment where there are no genuine issues of material fact for trial. Fed.R.Civ.P. 56(c). If there are no genuine issues, the movant is entitled to judgment as a matter of law. When the movant meets this standard, the opposing party must present sufficient facts to demonstrate that there exists some genuine issues of material fact in order to defeat the movant's motion for summary judgment. An issue is *genuine* if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the evidence in light most favorable to the party opposing the motion. *See Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir.1987).

When the opposing party bears the ultimate burden of proof on a particular issue, such party may defeat a properly supported summary judgment motion by producing specific facts which demonstrate a genuine issue of material fact on that issue. *See Montana v. First Federal Savings and Loan Assoc. of Rochester*, 869 F.2d 100, 103 (2d Cir.1989); *see also Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). Here, plaintiff bears the ultimate burden of proof.

The sole issue before the Court is the issue of whether plaintiff had suffered a "serious injury" under New York's No–Fault laws. Plaintiff claims that she indeed suffered serious injuries to her neck, lower back and knee. She claims that all her injuries directly flowed from the August 1 accident. Defendants, as expected, claim otherwise. They argue that there is no causal connection between her condition and the accident in question. Moreover, they argue that plaintiff's injuries does not rise to the level of "serious injury" as contemplated by New York's insurance laws.

Under New York's no-fault insurance law, an insured party can only recover against another insured party for economic loss in excess of $50,000—greater than "basic economic loss"—or for non-economic loss in the case of a "serious injury." New York Insurance Law § 5104. "Serious injury" is defined as

a personal injury which results in death; dismemberment; significant dismember-

ment; a fracture; loss of fetus; permanent loss of a use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

New York Insurance Law § 5102(d). New York courts have strictly construed the serious injury requirement, noting the legislature's determination to " 'significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium.' " *Licari v. Elliott,* 57 N.Y.2d 230, 236, 441 N.E.2d 1088, 1091, 455 N.Y.S.2d 570, 573 (1982) (quoting Memorandum of State Executive Dep't, 1977 McKinney's Session Laws of N.Y. at 2448).

■ "It is incumbent upon the court to decide in the first instance whether plaintiff has a cause of action to assert within the meaning of the statute." *Id.* at 237, 441 N.E.2d at 1091, 455 N.Y.S.2d at 573. By enacting the no-fault law, the legislature modified the common law rights of persons injured in automobile accidents, *Montgomery v. Daniels,* 38 N.Y.2d 41, 340 N.E.2d 444, 378 N.Y.S.2d 1 (1975), to the extent that plaintiffs in automobile accident cases no longer have an unfettered right to sue for injuries sustained. Thus, to the extent that the legislature has abrogated a cause of action, the issue is one for the Court, in the first instance where it is properly raised, to determine whether the plaintiff has established a prima facie case of sustaining serious injury. *Licari,* 57 N.Y.2d at 237–38, 441 N.E.2d at 1091–92, 455 N.Y.S.2d at 573–74.

Plaintiff claims that she has satisfied the "serious injury" requirement in several respects. She claims that she has suffered permanent loss of body members and use of a body systems, and/or a permanent conse-

quential limitation of body members. Moreover, plaintiff claims that she sustained a medically determined injury or impairment of a non-permanent nature which prevents the plaintiff from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

In reviewing the papers submitted by both parties, this Court determines that plaintiff has sufficiently made a prima facie showing of serious injury. Plaintiff points to the deposition testimony and medical records of Dr. Thomas J. Klein. In his deposition, as well as his medical report, Dr. Klein states that because of the accident, plaintiff has suffered an aggravation of her spondylolysis condition, commonly referred to as degenerative arthritis, which caused a pronounced permanent loss of range of motion. He states that plaintiff's neck lacked 10 degrees of flexion, approximately 15–20 degrees of full neck extension and 10–15 degrees of lateral bend. Furthermore, Dr. Klein opined that the collision also, in part, caused intermittent radiculopathy (pain running down her arm). According to Dr. Klein, plaintiff's condition may require some form of anterior cervical discectomy if her condition worsens. Defendants' expert disagrees. Dr. Martin Altchek opines that none of plaintiff's injuries are permanent in nature and states that she is not impaired or disabled in any way as a result of the accident. He further states that plaintiff's discomfort is more a product of a pre-existing degenerative condition rather than the result of the accident.

From these facts alone, the Court determines that plaintiff has satisfied the threshold prima facie serious injury requirement. There is competent medical testimony tending to show the severity and permanency of plaintiff's injuries. *See Robbie v. Ledeoux,* 146 A.D.2d 764, 537 N.Y.S.2d 72 (2d Dep't 1989). Further, there is medical testimony that plaintiff's condition was at least in part due to the accident itself. Dr. Klein's testimony coupled with plaintiff's testimony of subjective pain establish, although minimally, that plaintiff has suffered a serious injury

under New York's no-fault law. It must be reminded that permanent loss of body function or system "does not necessitate proof of a total loss ... but only proof that it 'operates in some limited way, or operates only with pain.'" *Dwyer v. Tracey*, 105 A.D.2d 476, 477, 480 N.Y.S.2d 781, 783 (3d Dep't 1984) (quoting *Mooney v. Ovitt*, 100 A.D.2d 702, 703, 474 N.Y.S.2d 618 (3d Dep't 1984)). The law does not require the loss to be "significant" since if that was the case "there would be no need to list 'significant limitation of use of a body function' in a separate category." *Miller v. Miller*, 100 A.D.2d 577, 578, 473 N.Y.S.2d 513, 514 (2d Dep't 1984), *rev'd on procedural grounds*, 68 N.Y.2d 871, 501 N.E.2d 26, 508 N.Y.S.2d 418 (1986).

The fact that there are conflicting medical opinions which are based on objective medical examinations further supports this Court's conclusion that summary judgment would be inappropriate in this matter. It is not for the Court to decide which expert opinion is more persuasive. The conflicting opinions "merely create[ ] a credibility question for the jury to resolve ... and plaintiff is entitled to the benefit of every favorable inference." *Holbrook v. Jamesway Corp.*, 172 A.D.2d 910, 568 N.Y.S.2d 198, 199 (3d Dep't 1991) (citation omitted).

Since the Court has determined that plaintiff has presented enough facts to show prima facie serious injury, the Court need not address the concerns presented in *Tobin v. Greenberg*, 659 F.Supp. 959 (S.D.N.Y.1987) (summary judgment inappropriate when addressing serious injury issue since right to jury trial under Seventh Amendment outweighs concerns of no-fault laws).

## III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is denied.

**IT IS SO ORDERED.**