**Catherine M. BARNEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 93–CV–1496.**

United States District Court, N.D. New York.

Oct. 31, 1995.

Law Office of John A. Piasecki, Malone, New York (John A. Piasecki, of counsel), for plaintiff.

Thomas J. Maroney, United States Attorney, U.S. Department of Justice, Albany, New York (James C. Woods, of counsel), for defendant.

---

**MEMORANDUM–DECISION & ORDER**

McAVOY, Chief Judge.

## I. BACKGROUND

Plaintiff, CATHERINE M. BARNEY, brings this action pursuant to the Federal Tort Claims Act claiming that she sustained injuries as a result of the negligent operation of an automobile by the defendant, UNITED STATES OF AMERICA, in the person of U.S. Marine Recruiter, Sergeant LeRoy Prantle. The defendant has moved to dismiss this action pursuant to Rule 12(b)(6) or, in the alternative, Rule 56. The plaintiff has opposed the defendant's motion, and has cross-moved for summary judgment on the issues of liability and serious injury.

Plaintiff alleges that the car she was following stopped suddenly, while turning into a service station, to avoid hitting a number of children. The plaintiff was forced to stop, and consequently, she was struck from behind by the defendant's vehicle. The defendant claims that she stopped abruptly, and that this raises a material factual issue for a jury as to liability.

In the course of being thrust forward and lurching back, the plaintiff bumped her elbow against the car frame near the front driver's side door, and caused the front bench seat to break. The plaintiff stated to the defendant and the police officer on the scene that she was fine. The plaintiff then went home, rather than to the emergency room, and later went to a house she was remodeling. The plaintiff alleges that, prior to the accident, she was in good health and without knowledge as to any chronic back ailments.

The following day, the plaintiff went to work, where she held a position as a metal sorter. After experiencing pain in her back, and stiffness in her neck, the plaintiff left work and went to her doctor. The doctor prescribed a pain medication, gave her a neck collar, and sent her to the hospital for x-rays. The x-ray results of her elbow and cervical spine were "essentially negative." A CT scan of her lumbar spine showed "minimal" protrusion of a disc, but no herniation.

The plaintiff's pain continued, and her physician referred her to another physician, who prescribed medication and a daily stretching regimen. This doctor, Dr. Drumond, noted a segmentation abnormality of six lumbar vertebrae as well as occult spina bifida at the fifth vertebral posterior element, and a probable herniated disc.

The plaintiff continued to work full-time and to volunteer at a service station, doing oil changes and changing tires. Nevertheless, the plaintiff claimed that she was unable to work at the pace she did before the accident. She also claimed that the pain was constant and even intensified with the performance of certain activities.

Since the plaintiff's pain persisted, her original doctor, Dr. Cabaluna, referred her to an orthopedic surgeon, Dr. Rubinovich. Dr. Rubinovich prescribed physical therapy, and fitted the plaintiff with a back brace. The source of plaintiff's pain has never been pinpointed, and the allegedly pain continues.

Plaintiff's neck and elbow pains have resolved themselves, and the possible herniated disc is believed to be congenital, and thus, are not the subject of this lawsuit. Plaintiff, however, does claim that she has constant pain of varying degrees in her back. She claims that she can no longer work as long as she formerly could without breaks, but the plaintiff does not claim that she has been completely prevented from doing anything. The plaintiff has been reimbursed for the property damage she suffered.

## II. DISCUSSION

**A. Motion To Dismiss Pursuant To Rule 12(b)(6), Or In The Alternative, For Summary Judgment Pursuant To Rule 56**

 On a dismissal motion for failure to state a claim the general rule is that the allegations in a plaintiff's complaint are deemed to be true and must be liberally construed in the light most favorable to the plaintiff. *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir.1984) *cert. denied* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). A complaint should not be dismissed unless it appears beyond a reasonable doubt that the plaintiff cannot in any way establish a set of facts to sustain her claim which would permit

relief. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Bass v. Jackson,* 790 F.2d 260, 262 (2d Cir.1986).

If on a motion made pursuant to Rule 12(b)(6) "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56 ..." Fed.R.Civ.P. 12(b)(6). A motion for summary judgment should be granted "if the pleadings ... together with the affidavits, if any, show that there is no genuine issue as to any material fact ..." Fed.R.Civ.P. 56(c). There must be more than a "metaphysical doubt as to the material facts." *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.,* 902 F.2d 174, 178 (2d Cir.1990), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (*quoting, Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). All ambiguities must be weighed in favor of the non-moving party. *Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 465 (2d Cir.1989). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991) *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). The parties to this motion have submitted affidavits with exhibits to the Court. Thus, the Court may treat this motion as one for summary judgment pursuant to Rule 56 and apply the foregoing standards.

### B. Federal Tort Claims Act And New York's No–Fault Law

#### 1. Federal Tort Claims Act

█ It is axiomatic that the United States may not be sued without its consent. *See, e.g., Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); *Huntington Towers, Ltd. v. Franklin National Bank,* 559 F.2d 863 (2d Cir.1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 726, 54 L.Ed.2d 756; *Liberty Mutual Ins. Co. v. United States,* 490 F.Supp. 328 (E.D.N.Y.1980); *Patrello v. United States,* 757 F.Supp. 216 (S.D.N.Y. 1991). Pursuant to the Federal Tort Claims Act ("FTCA"), the Federal government has voluntarily waived its sovereign immunity to the extent that it permits suits against the United States for any "negligent of wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Accordingly, the FTCA precludes actions based on "state theories of absolute or strict liability ..." *Patrello,* 757 F.Supp. at 218.

### 2. New York No–Fault Insurance Law

The alleged negligence occurred in New York, therefore, the law of New York applies. *Goodkin v. United States,* 773 F.2d 19, 21 (2d Cir.1985). Specifically, The Comprehensive Automobile Insurance Reparations Act (a/k/a/ "No–Fault Insurance Act") applies to this case. New York's no-fault law has two prongs. *See Montgomery v. Daniels,* 38 N.Y.2d 41, 46, 378 N.Y.S.2d 1, 4, 340 N.E.2d 444, 447 (1975) (seminal New York Court of Appeals case construing the Act.). "One prong deals with compensation; the other with limitation of tort actions." *Id.* It is the second prong that is at issue in this case.

The no-fault statute, at § 5104(a), imposes two limitations on personal injury actions between "covered persons" as defined in § 5102(j). "First, the injured party may not duplicate recovery of first party benefits[1] but may recover in tort only that basic economic loss which exceeds $50,000. Second, with regard to 'non-economic loss' or pain and suffering (*see* § 5102(c)), recovery is limited to that associated with 'serious injury' as defined in § 5102(d)." *Patrello,* 757 F.Supp. at 219. The United States has been held to be a covered person, and the parties do not dispute this assertion. *See Id.* at 220. The no-fault statute defines "serious injury", in relevant part, as "personal injury which results in ... significant limitation of use of a body function or system; or a medically determined injury or impairment of a nonpermanent nature which prevents the injured person from performing substantially all of

---

**1.** Reimbursements for basic economic loss less

certain deductions. Not applicable to this case.

the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred and eighty days following the occurrence of the injury or impairment." N.Y.Insurance Law § 5102(d) (McKinney's 1985). New York case law has construed "serious injury" to further a goal of keeping "minor personal injury cases out of court." *See Licari v. Elliott,* 57 N.Y.2d 230, 236, 455 N.Y.S.2d 570, 573, 441 N.E.2d 1088, 1091 (1982). Since the parties concede that they are covered persons, and the plaintiff does not allege basic economic loss in excess of $50,000, the Court must determine whether there is a question of fact as to whether the plaintiff has sustained a serious injury.

## C. Defendant's Motion

■ The defendant argues that, as a matter of law, this Court should rule that the plaintiff did not sustain a serious injury. The defendant argues that the plaintiff did not miss a significant amount of work time, and continues to enjoy her usual activities. In addition, the defendant points out that the plaintiff admits to returning to work the day after the accident, that she continues to volunteer at the service station, and that her only days missed from work were for visiting the doctor, not due to pain. The case law that the defendant cites in support of this argument, however, is distinguishable from the instant case.

The defendant cites *Gabianelli v. Gerardi,* 175 A.D.2d 468, 572 N.Y.S.2d 516 (3rd Dept. 1991), in support of the defendant's motion. In *Gabianelli,* the plaintiff suffered a disc injury, but presented no medical evidence that the injury was permanent or causally related to the accident giving rise to the action. 572 N.Y.S.2d at 517. In this case, the potentially herniated disc is not even at issue, since the plaintiff concedes that it is a congenital disorder. Moreover, there is credible medical evidence that the injuries sustained in the accident, whether serious or not, may be permanent. In his deposition, Dr. Rubinovich, the orthopedic surgeon who treated the plaintiff, testified to the veracity of the plaintiff's back injuries, and to the fact that the plaintiff's injuries were, in his opin-

ion, caused by the collision giving rise to this action. Moreover, Dr. Rubinovich testified that the injuries could present a permanent condition.

The defendant also cites *Malloy v. Brisco,* 183 A.D.2d 704, 583 N.Y.S.2d 290 (2d Dept. 1992). In *Malloy,* the appellate court affirmed a lower court's grant of summary judgment because the plaintiff had failed to show that she was disabled for the requisite period of time, and alleged only her subjective assessment as to the pain and extent of disability. In this case, as set forth above, there is credible medical testimony as to the plaintiff's condition. Moreover, the injury alleged may be inferred to be permanent in nature, thereby removing it from the time limitation set forth in § 5102(d).

Finally, the defendant cites *Hezekiah v. Williams,* 81 A.D.2d 261, 440 N.Y.S.2d 274 (2d Dept.1981). In *Hezekiah,* the appellate court affirmed a lower court order that reversed a New York City Civil Court jury verdict for the plaintiff. Like *Malloy,* the *Hezekiah* court held that the plaintiff failed to make out a *prima facie* case where the "proof established only a nonpermanent back injury" and where the plaintiff "failed to introduce any medical testimony as to the extent of her back injury or its effects on her ability to function." 440 N.Y.S.2d at 277. For the same reasons as set forth above, this case does not support the defendant's motion.

Based on the foregoing analysis, and in light of the fact that the Court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party, this Court denies defendant's motion to dismiss, or in the alternative, for summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Azrielli v. Cohen Law Offices,* 21 F.3d 512, 517 (2d Cir.1994).

## D. Plaintiff's Cross–Motion

The plaintiff has cross-moved and seeks summary judgment on the issues of liability and whether the plaintiff suffered a serious injury.

## 1. Liability

■ The plaintiff argues that Sergeant Prantle, the United States government employee, has admitted liability for the accident by stating in his deposition that he "must have looked to the left or something" before impacting the plaintiff's vehicle, and that he was "a little bit tired." In addition, the plaintiff claims that by not swerving to avoid the collision the defendant must be found liable as a matter of law. Plaintiff then sets forth a number of cases that stand for the proposition that a rear-end collision into a vehicle that is "lawfully stopped" makes out a *prima facie* case in favor of the plaintiff on the issue of liability, such that the defendant must come forward with some rebuttal evidence or be declared liable. *See Parise v. Meltzer,* 204 A.D.2d 295, 611 N.Y.S.2d 291 (2d Dept.1994). The issue, however, is not whether the plaintiff was rear-ended, but rather, whether she was "lawfully stopped."

The plaintiff was following a car that tried to make a right hand turn into a service station. That first car was forced to stop mid-turn because the lane was occupied by a number of children playing. The defendant's employee, Sergeant Prantle, was following the plaintiff. In her Memorandum of Law, the plaintiff asserts that her claim that she was lawfully stopped is a fact not in dispute. Yet, in her statement of facts not in dispute, submitted pursuant to Local Rule 7.1(f), the plaintiff claims, *inter alia,* that it is undisputed that she was driving west on Finney Boulevard, that she was forced to stop abruptly, and that the defendant's vehicle operated by Sergeant Prantle struck her vehicle. On the facts not in dispute in this case, and drawing all inferences in favor of the non-moving party, it is not clear that whether the plaintiff was lawfully stopped is an undisputed fact, much less, that she was lawfully stopped as a matter of law. It is not clear that the plaintiff was not contributorily negligent with respect to the accident. The mere fact that Sergeant Prantle looked to the left is not an admission of liability. *See Andre v. Pomeroy,* 35 N.Y.2d 361, 368, 362 N.Y.S.2d 131, 136, 320 N.E.2d 853, 858 (1974) ("Moreover, it is not true that always, as a matter of law, an automobile operator's mo-

mentary glance away from the road is not the act of a reasonable prudent driver."). In addition, as set forth above, it cannot fairly be said that the issue of whether the plaintiff was lawfully stopped is not in dispute. If the plaintiff was not lawfully stopped, that fact may support a jury determination as to the plaintiff's possible contributory negligence. Finally, the Court notes "that it is very rare indeed that the issue [of liability for negligence] is not one of fact for the jury." *Id.* The Court finds that this case does not present one of those rare instances.

## 2. Serious Injury

The plaintiff also claims that she is entitled to a grant of summary judgment on the issue of whether she sustained a serious injury. The plaintiff argues that the testimony of her expert, Dr. Rubinovich, "conclusively" establishes that she has sustained a serious injury within the meaning of § 5102(d) of New York's no-fault insurance law. The plaintiff cites *Bates v. Peeples,* 171 A.D.2d 635, 566 N.Y.S.2d 659 (2d Dept.1991), in support of her argument in favor of summary judgment, as a very similar case factually. However, *Bates,* in fact supports the exact contrary position to that of the plaintiff.

In *Bates,* the appellate court affirmed a lower court's denial of summary judgment on the issue of whether the plaintiff had suffered a serious injury. On facts similar to this case, the appellate court stated that "the [trial court] properly concluded that there were issues of fact as to whether the plaintiff had suffered a 'serious injury' within the meaning of the Insurance Law (Insurance Law § 5102[d]; *see, Lopez v. Senatore,* 65 N.Y.2d 1017, 494 N.Y.S.2d 101, 484 N.E.2d 130 [ (198; *Petrone v. Thornton,* 166 A.D.2d 513, 561 N.Y.S.2d 49 [ (2d Dept.1990) ]; *Morsellino v. Frankel,* 161 A.D.2d 748, 556 N.Y.S.2d 103 [ (2d Dept.1990) ]; *Lazarre v. Kopczynski,* 160 A.D.2d 772, 553 N.Y.S.2d 488 [ (2d Dept.1990) ]; *Conde v. Eric Serv. Corp.,* 158 A.D.2d 651, 552 N.Y.S.2d 121 [ (2d Dept.1990) ]; *Healea v. Andriani,* 158 A.D.2d 587, 551 N.Y.S.2d 554 [ (2d Dept. 1990) ]; *Partlow v. Meehan,* 155 A.D.2d 647, 548 N.Y.S.2d 239 [ (2d Dept.1989) ]; *Robbie v. Ledeoux,* 146 A.D.2d 764, 537 N.Y.S.2d 72 [ (2d Dept.1989) ]; *Hughes v. Poulin,* 144

A.D.2d 846, 534 N.Y.S.2d 734 [ (3d Dept. 1988) ]; *Swenning v. Wankel,* 140 A.D.2d 428, 528 N.Y.S.2d 130 [ (2d Dept.1988) ];" *Bates,* 566 N.Y.S.2d at 660. Given *Bates,* the weight of authority on which it rests, and the factual similarity with the instant case, the Court finds that there is a question of fact as to the existence of a serious injury. Accordingly, the Court denies plaintiff's cross-motion.

## III. CONCLUSION

In sum, the Court finds that there is a question of fact for the jury as to the issue of liability and the issue of whether the plaintiff has sustained a serious injury within the meaning of New York's no-fault law, and therefore, DENIES defendant's motion to dismiss pursuant to or for summary judgment, and DENIES plaintiff's cross-motion for summary judgment.

**IT IS SO ORDERED.**