**Marilyn J. SHIMON, Plaintiff,**

v.

**Dick J. WONG, Defendant.**

**No. CV 94–4745.**

United States District Court,
E.D. New York.

Jan. 13, 1996.

Robert Cahn, Great Neck, NY, for Plaintiff.

Conway, Farrell, Curtin & Kelly by Teresa A. Klaum, by Teresa A. Klaum, New York City, for Defendant.

## ORDER

SPATT, District Judge.

On November 22, 1995, following a three day trial in this personal injury action, the jury returned a verdict in favor of the plaintiff Marilyn Shimon, awarding her damages in the sum of $75,000.00 for past injury, pain and suffering and the sum of $25,000.00 for pain and suffering in the future. The defendant Dick J. Wong conceded liability in this action.

The defendant now moves, pursuant to Fed.R.Civ.P. 50(b), for an order directing that the jury's award of $25,000.00 for future pain and suffering be stricken. The defendant contends that the award for future pain and suffering is not consistent with the jury's findings that the plaintiff sustained neither permanent bodily loss, permanent bodily limitation, nor significant bodily limitation. The defendant argues that the jury found only that the plaintiff had overcome the serious injury threshold on the "90 out of 180 days" provision of N.Y.Ins.Law § 5102(d).

## DISCUSSION

■ When a court evaluates a claim of inconsistency with regard to a jury's responses to special verdict sheet questions, the court should " 'adopt a view of the case, if there is one, that resolves any seeming inconsistency.' " *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306 (2d Cir.1993) (quoting *Brooks v. Brattleboro Memorial Hosp.*, 958 F.2d 525, 529 (2d Cir.1992) and *Fiacco v. City of Rensselaer, New York*, 783 F.2d 319, 325 (2d Cir.1986), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987)); *see also*, Fed.R.Civ.P. 49. In the absence of a rational harmonization of the jury's answers, the court must vacate the judgment and order a new trial. *Id.*

■ The Supreme Court and the Second Circuit have given the district courts a clear directive to strive to uphold a jury's verdict, stating,

A district court has a duty to reconcile the jury's answers on a special verdict form with any reasonable theory consistent with the evidence and to attempt to harmonize the answers if possible under a fair reading of those answers. *Gallick v. Baltimore & Ohio R.R.*, 372 U.S. 108, 119, 83 S.Ct. 659, 666, 9 L.Ed.2d 618 (1963); *Pierce v. Southern Pacific Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir.1987). The court must search for a reasonable way to read the verdicts as expressing a coherent view of the case, *Toner v. Lederle Lab.*, 828 F.2d 510, 513 (9th Cir.1987), *cert. denied*, 485 U.S. 942, 108 S.Ct. 1122, 99 L.Ed.2d 282 (1988), *and if there is any way to view a case that makes the jury's answers to the special verdict form consistent with one another, the court must resolve the answers that way even if the interpretation is strained. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962). The district court should refer to the entire case and not just the answers themselves. *Royal Cup, Inc. v. Jenkins Coffee Service, Inc.*, 898 F.2d 1514, 1519 (11th Cir.1990).

*McGuire, supra*, 1 F.3d at 1311 (emphasis supplied). It is within this framework that the Court addresses the present motion.

The Court instructed the jury regarding the statutory definition of "serious injury" under New York state law and posed the following questions to the jury regarding four thresholds for recovery set forth in N.Y.Ins.Law § 5102(d);

1. As a result of the accident involved in this case, has the plaintiff Marilyn Shimon sustained a permanent loss of a body organ, member, function or system?

2. As a result of the accident involved in this case, has the plaintiff Marilyn Shimon sustained a permanent consequential limitation of use of a body organ or member?

3. As a result of the accident involved in this case, has the plaintiff Marilyn Shimon sustained a significant limitation of use of a body function or system?

4. As a result of the accident involved in this case, has the plaintiff Marilyn Shimon sustained a medically determined injury or

impairment of a non-permanent nature, which prevented her from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than ninety days during the 180 days immediately following the occurrence of the injury?

The jury responded "no" to the first three questions and answered "yes" to the final question.

■ The Court is readily able to reconcile the jury's responses to the above questions with their award of $25,000.00 to the plaintiff for future pain and suffering. As to permissible damages, the Court's instructions to jury included the statement that "you as jurors must arrive at a sum of money which will justly, fairly and adequately compensate the plaintiff for all the pain and suffering you find that she endured and will endure in the future, which you find was caused by the incident which is the subject of this lawsuit." In the Court's view the jury's damage award reflects the following theory of recovery: (1) the plaintiff suffered a medically determined injury or impairment of a non-permanent nature that prevented the plaintiff from performing her usual and customary daily activities for at least ninety of the one hundred and eighty days following the accident *and* (2) the plaintiff will endure some pain and suffering for some future period, but not for the remainder of her life. This theory is consistent with the jury's findings that the plaintiff did not sustain a permanent loss or limitation or significant limitation.

Furthermore, the amount of the award for future pain and suffering supports this view of the case. The $25,000 future damage award is one third of the amount that the jury awarded for the plaintiff's pain and suffering for the one and a half year period from the date of the accident to the date of the verdict. Such an amount is consistent with a theory that the plaintiff would continue to endure pain and suffering during some finite, but not lengthy, future period.

The Court is permitted, in its search for consistency, to resolve the jury's answers via an interpretation that is "strained." *McGuire, supra,* 1 F.3d at 1311. Here, resorting to a strained interpretation is not necessary. In the Court's view the above theory harmonizes the jury's answers in manner that is reasonable and consistent with the evidence. *See McGuire, supra,* 1 F.3d at 1311.

The defendant cites *Tamaroff v. Estate of Dorothy Fisher,* 194 A.D.2d 662, 599 N.Y.S.2d 126 (2d Dep't 1993) for the proposition that the plaintiff is not entitled to receive damages for future pain and suffering based on the above findings of the jury. In *Tamaroff,* the plaintiff appealed from a judgment in his favor in the sum of $13,000.00 for past pain and suffering, arguing that the amount of the award was inadequate. *Id.* The Second Department noted that "while finding that the plaintiff was unable to perform substantially all of his usual and customary daily activities for at least 90 of the 180 days immediately after the accident, the jury rejected the plaintiff's claim that he sustained any 'permanent loss', 'permanent consequential limitation' or 'significant limitation' of a body function or system." *Id.* The court upheld the jury's award as reasonable and adequate based on these findings as well as conflicting expert testimony regarding the plaintiff's alleged herniation, evidence that the plaintiff did not complain of pain in the area of the alleged herniation, and an employment related physical exam taken fourteen months after the injury that indicated that the plaintiff physically qualified without limitations. *Id.*

The defendant Wong correctly states that no award for future pain and suffering was made in the *Tamaroff* case. However, the fact that the appellate court upheld the jury's award for past pain and suffering as adequate and reasonable does not necessarily mean that this case stands for the proposition that damages for future pain and suffering may not be awarded where the jury found only that the plaintiff was unable to perform substantially all of the usual and customary daily activities for at least 90 of the 180 days immediately after the accident. Stated simply, *Tamaroff* does not preclude Shimon's recovery of damages for future pain and suffering.

The defendant Wong also cites *Barrett v. Howland*, 202 A.D.2d 383, 608 N.Y.S.2d 681 (2d Dep't 1994) to support his argument that the plaintiff is not entitled to receive damages for future pain and suffering because the jury did not find that she had sustained a significant limitation of use. In *Barrett*, the Second Department upheld the lower court's award of summary judgment to the defendant on the ground that the plaintiff failed to establish that he suffered a "serious injury" under N.Y.Ins.Law § 5102(d). *Id.* 608 N.Y.S.2d at 682. The court stated:

> In order to establish a 'significant limitation of use of a body function or system', a plaintiff must present objective quantified evidence of the extent or degree of the limitation and its duration. (*See McHaffie v. Antieri*, 190 A.D.2d 780, 593 N.Y.S.2d 844; *Oswald v. Ospina*, 187 A.D.2d 570, 590 N.Y.S.2d 117). Mere subjective complaints of pain alone, as well as medical opinions clearly based upon such complaints, are insufficient to raise a triable issue of fact (*see Malloy v. Brisco*, 183 A.D.2d 704, 583 N.Y.S.2d 290). A most telling fact in the present case is that by his own testimony the plaintiff Donald Barrett missed no days of work from his job as a warehouse worker and was at most prevented from performing his duties as a volunteer firefighter in as "aggressive" a manner as he was accustomed to (*see, Craft v. Brantuk*, 195 A.D.2d 438, 600 N.Y.S.2d 251). Taken together, the evidence establishes nothing more than a mild back sprain which is insignificant within the meaning of the statute. (*see, Rhind v. Naylor*, 187 A.D.2d 498, 589 N.Y.S.2d 605).

*Id.* 608 N.Y.S.2d at 682. In the Court's view, the plaintiff's claim that she will endure pain and suffering in the future is supported by both objective and subjective evidence introduced at the trial, such as two MRIs, record documentation from the South Nassau County Communities Hospital and Pain Management Center of Long Island as well as testimony from the plaintiff's neurologist, Dr. John L. Kefalos and her radiologist Dr. Howard J. Gelber. These physicians testified to the presence of disc herniation, a diminished range of motion, chronic pain, future narrowing of the disc spaces, the likelihood of future arthritis and fibrous tissue formation. The doctors rendered the opinions that the plaintiff's pain and diminished range of motion are permanent and will not improve. The jury also heard testimony by the plaintiff that she receives physical therapy twice a week, uses a home traction device twenty minutes per day, uses heating pads, ice packs and a cervical collar, has limited range of motion and severe headaches, is limited in her ability to work as a music teacher and play musical instruments, suffers constant pain, cannot participate in sports, is curtailed in participating in activities with her son, is uncomfortable and in pain while operating a motor vehicle and is impaired in her social and sexual life. This evidence is significantly different than the evidence presented in the *Barrett* case, where the plaintiff's injury did not cause him to miss work and only diminished the aggressiveness of participation as a volunteer fireman.

The defendant further argues, citing *Partlow v. Meehan*, 155 A.D.2d 647, 548 N.Y.S.2d 239 (2d Dep't 1989), that the plaintiff failed to establish a significant limitation because she did not present objective quantified evidence of the duration of the alleged significant limitation. In *Partlow*, the Second Department reversed the lower court's denial of the defendant's summary judgment motion on the ground that the plaintiff failed to submit prima facie evidence of a serious injury within the meaning of N.Y.Ins.Law § 5201(d) because she did not introduce medical evidence indicating that the claimed impairment "persisted for any appreciable length of time following the accident." *Id.* 548 N.Y.S.2d at 240. The evidence introduced by the *Partlow* plaintiff consisted of an emergency room report and a chiropractor's report prepared as a result of examinations of the plaintiff on the date of the accident. *Id.* The chiropractor's report indicated that the plaintiff's prognosis was " 'poor with definite residuals.' " *Id.* However, the plaintiff failed to provide any medical report of her condition following the date of the accident. *Id.* Furthermore, an examination by the defendants' expert twenty-two months after the accident indicating that the plaintiff's condition revealed no residual disability. *Id.* The plain-

tiff did introduce into evidence a thermogram report noting decreased heat emission, possible nerve damage and lumbar radiculopathy. *Id.* But the court noted that the plaintiff did not supply expert medical interpretation of the thermogram report, which made no reference to any bodily limitation. *Id.* In the absence of any evidence indicating the duration of the claimed bodily limitation, the court held that the plaintiff did not establish a prima facie case that she suffered more than "a minor, mild or slight limitation of use." *Id.* 548 N.Y.S.2d at 241 (citations omitted).

In contrast to *Partlow*, the evidence introduced by Shimon included MRI reports and expert testimony by the radiologist, Dr. Gelber, and Dr. Kefalos, the neurologist, who both rendered opinions that the plaintiff's symptoms are permanent. Permanence is a measure of duration, meaning that the condition will be endured for the life of the injured party. Here the jury could have found that the plaintiff's injuries were not permanent nor were they significantly limiting, but that they did extend for some period in the future. A finding by the jury of nonpermanence and no significant limitation does not, as the defendant urges, mean that the jury "has implicitly found that plaintiff sustained an *insignificant* limitation of use as to said limitation's extent, degree and duration." *See* Defendant's Memorandum of Law at Point Two. A range of possible conclusions lies between a finding of permanent limitation and a finding that the limitation is fleeting in duration. *See Partlow, supra,* 548 N.Y.S.2d at 240 ("there can be no doubt that if a bodily limitation is substantial in degree yet only fleeting in duration, it should not qualify as a 'serious injury' under the statute"). In the Court's view, the jury's verdict reflects a finding that Shimon's impairment is more than fleeting and less than permanent. A finding that the Shimon suffered for *not less than* 90 days during the 180 day period following the accident does not conflict with a conclusion that her pain and suffering would persist for more than 90 days.

Finally, the Court notes that the Second Circuit has stated,

The district court has 'considerable discretion' to dispose of inconsistent special verdicts, especially where, as here, the complaining party accedes to the special verdict form and does not object to the jury's inconsistent responses until after the jury has been discharged. *Kavanaugh v. Greenlee Tool Co.,* 944 F.2d 7, 10 (1st Cir.1991).

*McGuire,* 1 F.3d at 1312. In this regard, the Court also notes that the defendant's counsel did not object to any part of the verdict sheet, nor, after the jury verdict did she make any motions until more than a week after the jury was discharged. Even if there was an inconsistency, which the Court declines to find, the Court was given no opportunity to permit the jury to return to the jury room to reconcile its verdict.

In sum, based on the evidence in this case, the jury could reasonably have found that the plaintiff sustained an injury that was not permanent, resulted in a less than significant limitation, but would cause pain and suffering for some time in the future.

Based on the foregoing, the Court finds that the jury's responses to the special verdict sheet and jury's award of damages to the plaintiff may be reconciled in a manner that is consistent with the evidence. Accordingly, the defendant's motion is denied.

The Clerk of the Court is directed to enter judgment in accordance with the verdict, and to close this case.

**SO ORDERED.**