■ TRACEY CIZEK et al., Respondents, v MARK ABERBACH, Appellant. [715 NYS2d 909] —In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), dated August 3, 1999, which, upon a jury verdict, *inter alia,* finding him 65% at fault in the happening of the accident and finding that the plaintiffs suffered total damages in the amount of $101,000, is in favor of the plaintiffs and against him in the principal sum of $65,650.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The infant plaintiff was allegedly injured when she was hit by a car driven by the defendant as she was crossing a two-lane road. The trial testimony failed to adduce any evidence that the defendant operated his vehicle in a negligent manner, and for that reason the plaintiffs failed to establish a prima facie case of negligence (*cf., Miller v Sisters of Order of St. Dominic,* 262 AD2d 373).

Were we not reversing on the ground of liability, we would reverse the judgment for the plaintiffs' failure to establish that the infant plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d). Though the infant plaintiff claimed that she suffered "permanent consequential limitation of use" and "significant limitation of use" (Insurance Law § 5102 [d]), of her right knee, the medical evidence proffered by her doctor failed to quantify or objectively measure the extent of the limitation (*see, McHaffie v Antieri,* 190 AD2d 780). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.