■ DOUGLAS BAKER et al., Respondents, v PAUL A. ZELEM et al., Appellants, et al., Defendant. [609 NYS2d 330] —In an action to recover damages for personal injuries, etc., the defendants Paul A. Zelem and Carol McKelvey appeal from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), entered March 27, 1992, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Douglas Baker has failed to establish a prima facie case that he sustained "serious injury" within the meaning of Insurance Law § 5102 (d). While the plaintiffs submitted a medical report and an affidavit in which a chiropractor characterized Douglas Baker's alleged disability as "permanent", the chiropractor did not indicate with any specificity any limitation in Baker's range of movement subsequent to one week after the accident *(see, Licari v Elliott,* 57 NY2d 230; *O'Neill v Rogers,* 163 AD2d 466). Moreover, Baker returned to work approximately two weeks after the accident. Thus, he was not prevented from performing substantially all of the material acts that constituted his customary daily activities for 90 out of the 180 days following the accident *(see,* Insurance Law § 5102 [d]; *Licari v Elliott, supra; Grotzer v Levy,* 133 AD2d 67). He conceded at his examination before trial that he swims, plays tennis, plays baseball, and bowls. His continuing subjective complaints of pain are insufficient to establish serious injury within the meaning of the statute *(see, Scheer v Koubek,* 70 NY2d 678; *Tipping-Cestari v Kilhenny,* 174 AD2d 663). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.