■ VERONICA ATTANASIO et al., Respondents, v VALERIE LASHLEY et al., Respondents, and PINA C. DELGENIO, Appellant. [636 NYS2d 834] —In a negligence action to recover damages for personal injuries, etc., the defendant Pina C. Delgenio appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated October 17, 1994, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Pina C. Delgenio, and the action against the remaining defendants is severed.

In support of his motion, the appellant submitted affirmations and medical reports prepared by Dr. Michael V. Marrone and Dr. Harold E. Berson and excerpts of the deposition testimony of the injured plaintiff, Veronica Attanasio, which indicate that she returned to work eight days after the accident that caused her injuries and that she was not thereafter absent from work as a result of being disabled by her injuries. This evidence establishes a prima facie case that Ms. Attanasio did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and shifted the burden to the plaintiffs to offer sufficient proof to demonstrate the existence of a triable issue of fact *(see, Winkler v Lombardi,* 205 AD2d 757).

While the plaintiffs submitted affidavits of two doctors that characterized Ms. Attanasio's alleged disability as permanent,

those affidavits were based on examinations that had been conducted approximately four and six years, respectively, prior to the appellant's motion. Additionally, the findings of permanency contained in those reports were merely conclusory in nature. Thus, they were without evidentiary value and insufficient to raise a triable issue of fact *(see, McHattie v Antieri,* 190 AD2d 780; *O'Neill v Rogers,* 163 AD2d 466; *Covington v Cinnirella,* 146 AD2d 565). Thompson, J. P., Sullivan, Krausman and Florio, JJ., concur.