■ JANINE N. TABACCO, Respondent, v DALE KASTEN, Appellant. (Action No. 4.) (And Other Titles.) [646 NYS2d 33] —In consolidated actions, *inter alia,* to recover damages for personal injuries, Dale Kasten, the defendant in Action No. 4, appeals from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated July 24, 1995, as denied his cross motion for summary judgment dismissing the complaint insofar as it is asserted against him on the ground that the plaintiff failed to sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed insofar as it is against the defendant Dale Kasten.

The appellant met his initial burden of demonstrating that the plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d). Once a defendant submits evidence demonstrating the lack of "serious injury", the burden shifts to the plaintiff to come forward with sufficient evidence to overcome the motion (*see, Gaddy v Eyler,* 79 NY2d 955). The plaintiff failed to meet this burden. The affidavits of the plaintiff and her treating physician setting forth the plaintiff's continuing subjective complaints of pain were insufficient to raise a triable issue of fact (*see, Malloy v Brisco,* 183 AD2d 704; *Georgia v Ramautar,* 180 AD2d 713). An additional physician's affidavit which failed to specify the degree of the plaintiff's limitation of motion was also insufficient (*see, Tipping-Cestari v*

*Kilhenny,* 174 AD2d 663). In addition, the mere use of the conclusory words "significant" and "permanent" in the physician's affidavit is not sufficient (*see, Gaddy v Eyler,* 79 NY2d 955, *supra*; *Lopez v Senatore,* 65 NY2d 1017; *Flater v Brennan,* 173 AD2d 945). Finally, the plaintiff cannot rely on the unsworn medical report of her own treating physician (*see, Pagano v Kingsbury,* 182 AD2d 268). O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.