■ John Ryan, Respondent, v Lee Xuda et al., Appellants. (And Two Related Actions.) [663 NYS2d 220] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated June 5, 1996, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

The defendants met their initial burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). It was therefore incumbent on the plaintiff to come forward with sufficient evidence to create an issue of fact (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957). The plaintiff failed to do so. In opposition to the motion, the plaintiff tendered proof of serious injury in inadmissible form; namely, unsworn doctors reports, and unsworn results of medical tests (*see, Grasso v Angerami*, 79 NY2d 813; *Pagano v Kingsbury*, 182 AD2d 268). Although the plaintiff submitted his own affidavit claiming an inability to engage in his customary daily activities, he did not submit a physician's

affidavit substantiating the existence of a "medically determined" injury producing the alleged impairment of his activities (Insurance Law § 5102 [d]; *see, Traugott v Konig*, 184 AD2d 765). Accordingly, the defendants were entitled to summary judgment dismissing the complaint (*see, Licari v Elliott*, 57 NY2d 230). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.