■ Mark Smith, Plaintiff, and James Mosely, Respondent, v Aaron Askew et al., Respondents, and Sonya Smith, Appellant. [695 NYS2d 405] —In a negligence action to recover damages for physical injuries, the defendant Sonya Smith appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered February 18, 1999, which denied her motion for summary judgment dismissing so much of the complaint as is alleged on behalf of the plaintiff James Mosley and all cross claims arising therefrom, insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, so much of the complaint as is alleged on behalf of James Mosley and all cross claims arising therefrom are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The appellant made a prima facie showing of entitlement to judgment as a matter of law. In opposition, the plaintiff James Mosley failed to raise an issue of fact as to whether he suffered a serious physical injury within the meaning of Insurance Law § 5102 (d). Mosley failed to submit any affirmations or affidavits of his treating physicians, or medical records in an admissible form indicating what treatment, if any, he received for his alleged injuries in the eight-year period between the time of the accident and the examination conducted by his expert. In addition, Mosley's expert failed to set forth what objective tests he performed in arriving at his conclusions concerning alleged restrictions in Mosley's range of motion (*see, Kauderer v Penta,* 261 AD2d 365; *Lobo v Singh,* 259 AD2d 523), failed to explain the eight-year gap between the accident and his examination of Mosley, and he failed to set forth the treatment, if any, that Mosley received for his alleged injuries during that time (*see, Bandoian v Bernstein,* 254 AD2d 205; *Williams v Ciaramella,* 250 AD2d 763; *Miller v Donohue,* 250 AD2d 825; *Cacaccio v Martin,* 235 AD2d 384).

In addition, Mosley's expert improperly relied on an inadmissible report of a Magnetic Resonance Imaging test performed approximately three years after the accident (*see, Decayette v Kreger Truck Renting,* 260 AD2d 342; *Lobo v Singh, supra;*

*Bandoian v Bernstein, supra).* Accordingly, in light of the evidence submitted by the appellant which demonstrated that Mosley did not suffer a serious injury, her motion must be granted. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.