■ DAWNETT MITCHELL et al., Appellants, v ANGELA KOWALSKI, Respondent. [708 NYS2d 437] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated April 14, 1999, which, upon granting the defendant's motion pursuant to CPLR 4401 at the close of the plaintiffs' case to dismiss the complaint for failure to establish prima facie that the plaintiff Dawnett Mitchell sustained a "serious injury" as defined by Insurance Law § 5102 (d), dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court correctly concluded that the plaintiffs failed to establish prima facie that the plaintiff Dawnett Mitchell sustained a "serious injury" as defined by Insurance Law § 5102 (d). The only medical testimony offered at trial was that of a chiropractor. Although the chiropractor testified to the degree of limitation in range of motion of the plaintiff's neck, he did not testify to the objective tests used to arrive at his conclusions (*see, Grossman v Wright,* 268 AD2d 79; *Kauderer v Penta,* 261 AD2d 365; *Lobo v Singh,* 259 AD2d 523). Furthermore, there was no evidence of a medically-determined injury or impairment which prevented the plaintiff from performing substantially all of her normal activities for 90 out of the first 180 days subsequent to the accident (*see, Grossman v Wright,*

*supra*; *Taylor v Taylor,* 260 AD2d 571; *Ryan v Xuda,* 243 AD2d 457). Therefore, the Supreme Court properly granted the defendant's motion at the close of the plaintiffs' evidence for judgment as a matter of law and dismissed the complaint. O'Brien, J. P., Altman, McGinity and Smith, JJ., concur.