■ ORBELINA LINARES, Appellant, v MICHAEL MOMPOINT et al., Respondents. [711 NYS2d 741] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated May 25, 1999, which granted the respondents' respective motions for summary judgment on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The respondents established prima facie entitlement to summary judgment by submitting evidence demonstrating that the plaintiff did not sustain a serious injury (see, Insurance Law § 5102 [d]). Thus, it was incumbent upon the plaintiff to raise a triable issue of fact on that issue. In order to do so, the plaintiff was required to submit objective evidence of the extent or degree of the alleged limitation and its duration (see, Grossman v Wright, 268 AD2d 79; McHaffie v Antieri, 190 AD2d 780). The plaintiff's doctor neither quantified any limitations of motion nor verified any limitation by objective medical findings either at the initial visit or five years thereafter at the most recent exam. Consequently, the plaintiff failed to raise a triable issue of fact (see, Smith v Askew, 264 AD2d 834; Carroll v Jennings, 264 AD2d 494; Kauderer v Penta, 261 AD2d 365). Moreover, the plaintiff failed to submit competent evidence that she suffered from a "medically determined" injury. Therefore, she failed to raise a triable issue of fact as to whether she was prevented from performing substantially all of her customary and usual activities for at least 90 days during the 180 days immediately following the accident (see, Ryan v Xuda, 243 AD2d 457). Bracken, J. P., Joy, Thompson and Goldstein, JJ., concur.