■ AINSLEY A. REYNOLDS, Respondent, v CYNTHIA M. CLEARY, Defendant, and SEAN W. LALLY, Appellant. [711 NYS2d 476] —In an action to recover damages for personal injuries, the defendant Sean W. Lally appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated July 22, 1999, as denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

The appellant established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the affirmed report of Dr. Eduardo Alvarez, an orthopedist, who examined the plaintiff and concluded that the results of the examination were normal (*see, Gaddy v Eyler,* 79 NY2d 955).

The affirmation of Dr. Leo Batash, as well as an accompanying medical report, which the plaintiff submitted in opposition to the motion, failed to provide objective evidence of the extent or degree of limitation in the range of motion of the plaintiff's right shoulder (*see, Beckett v Conte,* 176 AD2d 774). Dr. Batash failed to set forth what objective tests he performed in reaching his conclusions regarding restrictions in the range of motion (*see, Smith v Askew,* 264 AD2d 834). Moreover, Dr. Batash's affirmation and report did not provide an explanation for the four-year gap in medical treatment between 1995, when the plaintiff was first treated by Dr. Batash, and 1999, when the plaintiff again was treated by Dr. Batash (*see, Marshall v Albano,* 182 AD2d 614). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.