■ WARREN HERMAN, Respondent, v BRIAN E. CHURCH, Appellant. [714 NYS2d 87] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 4, 1999, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant established prima facie entitlement to summary judgment by submitting evidence demonstrating that the plaintiff did not sustain a serious injury (*see,* Insurance Law § 5102 [d]). Thus, it was incumbent upon the plaintiff to raise a triable issue of fact with respect thereto. In order to do so, the plaintiff was required to submit objective evidence of the extent or degree of the alleged limitation and its duration (*see, Grossman v Wright,* 268 AD2d 79; *McHaffie v Antieri,* 190 AD2d 780).

During the initial examination, the plaintiff's doctor failed to quantify the range of motion restriction in the lumbar spine and failed to identify what objective tests were used to measure that restriction. While the plaintiff's doctor quantified a restriction of motion of the cervical spine, he failed to identify the objective tests used to measure it. In addition, the plaintiff's doctor neither quantified any limitations of motion nor verified any limitation by objective medical findings at the most recent

exam approximately 2½ years thereafter. Consequently, the plaintiff failed to raise a triable issue of fact (see, Smith v Askew, 264 AD2d 834; Carroll v Jennings, 264 AD2d 494).

Moreover, the plaintiff failed to submit competent evidence that he suffered from a "medically determined" injury. Therefore, he failed to raise a triable issue of fact as to whether he was prevented from performing substantially all of his customary and usual activities for not less than 90 days during the 180 days immediately following the accident (see, Ryan v Xuda, 243 AD2d 457). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.