■ , DIANA OCASIO et al., Appellants, v SHARON R. HENRY et al., Respondents. [714 NYS2d 139] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 19, 1999, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) and denied, as academic, their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the affirmed medical reports of the physicians who examined them on behalf of the defendants were sufficient to establish a prima facie case that neither plaintiff sustained a serious injury within the meaning

of Insurance Law § 5102 (d) as a result of the accident. Thus, the burden of proof shifted to the plaintiffs to come forward with sufficient evidence that they each sustained a serious injury (*see, Guzman v Michael Mgt.,* 266 AD2d 508).

The plaintiffs failed to raise a triable issue of fact. The report of the plaintiff Diana Ocasio's chiropractor submitted in opposition to the motion was not based on a recent examination, did not quantify any limitations of motion, and did not verify any limitation by objective medical findings. As such, the plaintiff Diana Ocasio failed to raise a triable issue of fact (*see, Grossman v Wright,* 268 AD2d 79; *Linares v Mompoint,* 273 AD2d 446).

In light of the admission of the plaintiff Andrea Lanzetta that she missed only two weeks of work and school, she failed to raise a triable issue of fact as to whether her alleged injuries prevented her from performing substantially all of the material acts constituting her customary daily activities during at least 90 out of the first 180 days following the accident (*see, Hernandez v Cerda,* 271 AD2d 569; *Lalli v Tamasi,* 266 AD2d 266).

The plaintiffs' remaining contention, that the Supreme Court improperly denied the cross motion, is academic in light of our determination. O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.