■ CHARLES TAYLOR, Respondent, v JERUSALEM AIR, INC., et al., Appellants. [721 NYS2d 67] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Dye, J.), dated June 9, 2000, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants made out a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see, Gaddy v Eyler,* 79 NY2d 955). Thus, the burden shifted to the plaintiff to come forward with admissible proof that he sustained a serious injury (*see, Gaddy v Eyler, supra; Licari v Elliott,* 57 NY2d 230, 235; *Lopez v Senatore,* 65 NY2d 1017).

The plaintiff failed to raise a triable issue of fact. The plaintiff submitted no competent medical proof indicating what treatment, if any, he received for his alleged injuries in the approximately 2½-year period between the accident and the examination conducted by his orthopedist (*see, Smith v Askew,* 264 AD2d 834; *Carroll v Jennings,* 264 AD2d 494). The conclusions of the plaintiff's examining orthopedist that the plaintiff

suffered a permanent consequential limitation to his shoulder and right arm as a result of this accident were not based upon any objective medical tests (*see, Ocasio v Henry*, 276 AD2d 611; *Bidetto v Williams*, 276 AD2d 516; *Slasor v Elfaiz*, 275 AD2d 771; *Grossman v Wright*, 268 AD2d 79; *Kauderer v Penta*, 261 AD2d 365). The plaintiff's subjective complaints of pain and headaches alone, and the medical opinion clearly based upon such complaints, were insufficient to raise a triable issue of fact (*see, Tabacco v Kasten*, 229 AD2d 526; *Barrett v Howland*, 202 AD2d 383; *Oswald v Ospina*, 187 AD2d 570, 571; *Malloy v Brisco*, 183 AD2d 704).

The plaintiff's self-serving statements that he was unable to return to his job as a limousine driver as a result of the subject accident, without more, were insufficient to show that he had sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see, Estrella v Marano*, 255 AD2d 358; *Yagliyan v Yang*, 241 AD2d 518; *Cullum v Washington*, 227 AD2d 370). O'Brien, J. P., Krausman and Schmidt, JJ., concur.

Goldstein, J., dissents, and votes to affirm, with the following memorandum: There are triable issues of fact which preclude the granting of summary judgment.

In opposition to the defendants' motion for summary judgment, the plaintiff submitted the affirmation of an orthopedic surgeon quantifying loss of range of motion, and diagnosing him as suffering from carpal tunnel syndrome, impingement syndrome, and torn rotator cuff, based upon objective criteria including "positive tinnel sign." The doctor affirmed that those injuries were permanent. An expert's observations, supported by objective tests quantifying the results of a physical examination, are generally sufficient to establish a significant and/or permanent consequential limitation of a body function or system (*see, Kraemer v Henning*, 237 AD2d 492; *cf., Grossman v Wright*, 268 AD2d 79).

The doctor further noted that the plaintiff's torn rotator cuff prevented him from returning to his employment as a professional driver, and prevented him from performing substantially all of the material acts which constituted his daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury. This evidence, as well as the other evidence submitted by the doctor, clearly established a question of fact as to whether the plaintiff sustained a "seri-

ous injury" within the meaning of Insurance Law § 5102 (d) (*see, Lipchik v Weiss,* 266 AD2d 1; *Paternoster v Drehmer,* 260 AD2d 867; *Cushing v Seemann,* 247 AD2d 891; *Iscovitch-Bero v Chase,* 221 AD2d 847).

It is undisputed that plaintiff received physical therapy for his injury for a period of one year. The plaintiff ceased medical treatment because, in his view, it was not helping him. Thus, contrary to the assertions of the majority, there is no unexplained gap in medical treatment.