■ CAROLE WALCOTT, and Another, Infants, by Their Mother and Natural Guardian, MARCIA WALCOTT, et al., Respondents, v MU HSUEHLI, Appellant. [725 NYS2d 207] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated July 10, 2000, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Shane Dixon and Marcia Walcott on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability as to the plaintiffs Shane Dixon and Marcia Walcott.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted by the respondents is granted, that branch of the cross motion which was for summary judgment on the issue of liability as to the respondents is denied as academic, and the complaint insofar as asserted by the respondents is dismissed.

The appellant established a prima facie case that the injuries sustained by the respondents were not serious through the af-

firmed reports of an orthopedic surgeon, who examined the respondents and concluded that neither suffered from any disability (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957).

To successfully oppose a motion for summary judgment dismissing the complaint on the ground that an injury is not serious within the meaning of Insurance Law § 5102 (d), a plaintiff's expert must submit quantitative objective findings and an opinion as to the significance of the injury (*see, Grossman v Wright,* 268 AD2d 79, 84). The respondents' expert failed to set forth the objective tests, if any, he performed in arriving at his conclusions concerning the alleged restrictions in motion suffered by the respondents (*see, Smith v Askew,* 264 AD2d 834).

The respondent Marcia Walcott stated in an affidavit that she and her infant son, the respondent Shane Dixon, were unable to perform their usual and customary daily activities for at least 90 of the 180 days immediately following the accident. That affidavit, without more, was insufficient to defeat that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted by them (*see, Caruso v Rotondi,* 248 AD2d 425). Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.