■ FRANK LENTINI, Respondent, et al., Plaintiff, v ROBERT J. MELINA et al., Appellants. [731 NYS2d 233] —In an action, *inter alia*, to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Held, J.), entered January 2, 2001, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Frank Lentini on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint insofar as asserted by Frank Lentini is dismissed, and the action asserted by the remaining plaintiff is severed.

The defendants established their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted by the injured plaintiff Frank Lentini by submitting the affirmed reports of their examining neurologist and orthopedist which demonstrated that this plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955).

In opposition, the injured plaintiff failed to raise a triable issue of fact. In his affidavit and annexed medical report, the injured plaintiff's chiropractor stated that he performed an initial examination of him over five years after the accident, which indicated certain quantified range of motion limitations in the cervical and lumbar spines. There was no proof of any range of motion restrictions during the five-year period of time between the accident and that initial examination. In the final examination, conducted over eight years after the accident, the chiropractor stated that upon reexamination, the injured plaintiff continued to suffer from significant range of motion limitations. However, the chiropractor failed to indicate what objective medical tests he performed to measure these limitations of motion (*see, Harney v Tombstone Pizza Corp.,* 279 AD2d 609; *Monaco v Davenport,* 277 AD2d 209; *Perovich v Liotta,* 273 AD2d 367). Consequently, the injured plaintiff failed to demonstrate the extent or degree of the alleged limitations and their duration (*see, Mejia v Thom,* 280 AD2d 528; *Pierre v Nanton,* 279 AD2d 621; *Herman v Church,* 276 AD2d 471; *Linares v Mompoint,* 273 AD2d 446; *Jimenez v Kambli,* 272 AD2d 581). Therefore, the defendants' motion for summary judgment should have been granted. Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.