■ REINALDO PAGAN, Appellant, v ADVANCE STORAGE AND MOVING, Also Known as ADVANCED STORAGE AND MOVING, et al., Defendants, and ELDAD RICHOOLSKI et al., Respondents. [731 NYS2d 866] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Glover, J.), dated October 6, 2000, which granted the motion of the defendants Eldad Richoolski and Dynamic Moving and Storage, Inc., for summary judgment dismissing the cause of action to recover damages for personal injuries insofar as asserted against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied as academic his cross motion for summary judgment on the issue of liability.

Ordered that the order is modified by deleting the provision thereof denying as academic the cross motion for summary judgment on the issue of liability; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination on the cross motion.

The Supreme Court properly granted the motion of the defendants Eldad Richoolski and Dynamic Moving and Storage, Inc., for summary judgment dismissing the cause of action to recover damages for personal injuries insofar as asserted against them, as they submitted admissible evidence demonstrating their entitlement to judgment as a matter of law, and the plaintiff failed to come forward with competent evidence to raise a triable issue of fact (*see, Licari v Elliott,* 57 NY2d 230, 236; *Guzman v Michael Mgt.,* 266 AD2d 508; *Ryan v Xuda,* 243 AD2d 457; *Gutierrez v Metropolitan Suburban Bus Auth.,* 240 AD2d 469; *Pagano v Kingsbury,* 182 AD2d 268).

However, the plaintiff also had a cause of action to recover for property damage which survived the dismissal of his cause of action to recover damages for personal injuries. The Supreme Court therefore erred when it dismissed his cross motion for summary judgment on the issue of liability as academic. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.