■ MELODIE SCOTT, Respondent, v HING CHEE LEUNG, Appellant. [731 NYS2d 743] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated February 27, 2001, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant submitted the affirmations of several physicians which established that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The affirmations of the plaintiff's treating physicians submitted in opposition failed to explain the significant lapse of time between the apparent end of treatment in early 1998 and the physicians' reexamination of the plaintiff in the summer of 2000 (*see, Grossman v Wright,* 268 AD2d 79, 84; *Smith v Askew,* 264 AD2d 834). The affirmations were, therefore, insufficient to demonstrate a triable issue of fact that a serious injury was sustained (*see, Gaddy v Eyler,* 79 NY2d 955).

Furthermore, although the plaintiff, a part-time food server and cashier at Burger King, was out of work for five weeks following her automobile accident on April 15, 1997, she returned to part-time work as a Burger King manager, and has continued to work since her return. The record is devoid of any other evidence confirming any significant curtailment of the plaintiff's daily activities which are related to her alleged injuries. Thus, the plaintiff failed to demonstrate that she was prevented from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott,* 57 NY2d 230; *Buonaiuto v Shulberg,* 254 AD2d 384; *DiPalma v Villa,* 237 AD2d 323).

Accordingly, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.