■ RALPH MONTANARO, as Parent and Natural Guardian of WILLIAM MONTANARO, an Infant, Respondent, v GLORIA KANDEL et al., Appellants. [732 NYS2d 889] —In an action to recover damages for personal injuries, the defendant Gloria Kandel appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated November 21, 2000, as denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendant Gentile Auto Repair separately appeals from so much of the same order as denied its motion for the same relief.

Ordered that the order is reversed, on the law, with one bill

of costs, the motions are granted, and the complaint is dismissed.

Contrary to the Supreme Court's determination, the defendants established prima facie that the infant plaintiff's injuries were not serious within the meaning of Insurance Law § 5102 (d) through the affirmed reports of an orthopedist and a neurologist who both examined the infant plaintiff and concluded that he did not sustain a disability that was causally related to the accident (*see, Gaddy v Eyler,* 79 NY2d 955). The infant plaintiff's own deposition testimony further supported a conclusion that he did not sustain a disability. In opposition to the motions, the only competent medical evidence submitted by the plaintiffs, an affidavit sworn to by a doctor of osteopathy who had examined the infant plaintiff three years after the accident and two years after his treatment ended, failed to raise a triable issue of fact (*see,* CPLR 3212 [b]; *Gaddy v Eyler, supra*; *Grossman v Wright,* 268 AD2d 79, 84). Notably, the affidavit failed to specify objective tests performed by the doctor in arriving at his conclusions regarding alleged restrictions in the infant plaintiff's range of motion (*see, Grossman v Wright, supra*; *Kauderer v Penta,* 261 AD2d 365). Furthermore, there was no explanation for the significant lapse in time between the cessation of the infant plaintiff's treatment and the physical examination (*see, Grossman v Wright, supra*; *Smith v Askew,* 264 AD2d 834). Accordingly, the Supreme Court erred in denying the defendants' motions for summary judgment. Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.