■ Lauren A. Rossi et al., Respondents, v Alfred K. Dwyer et al., Appellants. [733 NYS2d 491] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), entered May 18, 2001, which denied their motion for summary judgment dismissing the complaint on the ground that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants made a prima facie showing of entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the infant plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). A physician's affirmation, which was the only competent medical evidence submitted in opposition to the motion, failed to set forth the objective tests he

performed in reaching his conclusions concerning restrictions in the infant plaintiff's range of motion (*see, Goldin v Lee,* 275 AD2d 341; *Grossman v Wright,* 268 AD2d 79, 84; *Smith v Askew,* 264 AD2d 834; *Kauderer v Penta,* 261 AD2d 365). Furthermore, the affirmation failed to adequately explain either the lapse of time between the cessation of the infant plaintiff's medical treatment and the physical examination conducted by her own expert, or the gaps in time between physical therapy treatments (*see, Grossman v Wright, supra; Smith v Askew, supra; Medina v Zalmen Reis & Assocs.,* 239 AD2d 394). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.