■ Luz M. Llorens, Individually and as Parent and Natural Guardian of Miguel Llorens, an Infant, et al., Respondents, v Balgreen Dupa et al., Appellants. [735 NYS2d 792] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated November 27, 2000, which

denied their motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Contrary to the conclusion reached by the Supreme Court, the defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting affirmed medical reports by their examining physicians demonstrating that the plaintiffs did not sustain serious injuries within the meaning of Insurance Law § 5102 (d) (*see,* CPLR 2106; *Kallicharan v Sooknanan,* 282 AD2d 573; *Cole v Brandofino,* 280 AD2d 446; *Santoro v Daniel,* 276 AD2d 478). Thus, it was incumbent upon the plaintiffs to come forward with admissible evidence to raise a triable issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The medical evidence submitted by the plaintiffs failed to raise a triable issue of fact (*see, Taylor v Jerusalem Air,* 280 AD2d 466; *Pierre v Nanton,* 279 AD2d 621; *Grossman v Wright,* 268 AD2d 79; *Decayette v Kreger Truck Renting,* 260 AD2d 342; *Soto v Fogg,* 255 AD2d 502; *Friedman v U-Haul Truck Rental,* 216 AD2d 266). Krausman, J. P., Luciano, Smith, Adams and Prudenti, JJ., concur.