■ BARRY B. LePATNER et al., Appellants, v VJM HOME RENOVATIONS, INC., Respondent. [744 NYS2d 337] —In an action,

inter alia, to recover damages for breach of contract, the plaintiffs appeal (1) from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered April 19, 2001, which, upon a jury verdict finding, among other things, that they breached the subject contract, is in favor of the defendant on its counterclaim and against them in the principal sum of $12,080 (2), as limited by their brief, from so much of an order of the same court, entered June 15, 2001, as granted their motion pursuant to CPLR 4404, inter alia, to set aside the jury verdict and for judgment as a matter of law only to the extent of reducing the award to the defendant on its counterclaim to the principal sum of $6,308, and (3) from an amended judgment of the same court, dated August 20, 2001, which is in favor of the defendant on its counterclaim and against them in the principal sum of $6,308.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501 [a] [1]).

Pursuant to CPLR 4404 (a) a "court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence." There must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" in order to set aside a judgment and direct judgment in favor of a party entitled to judgment (Cohen v Hallmark Cards, 45 NY2d 493, 499). A jury verdict should not be set aside and a new trial ordered "unless the jury could not have reached the verdict on any fair interpretation of the evidence" (Nicastro v Park, 113 AD2d 129, 134 [internal quotation marks omitted]). Under the facts of this case, we find no basis to disturb the jury verdict.

The plaintiffs failed to preserve for appellate review their contentions regarding the allegedly prejudicial and inflammatory remarks in the defendant's opening and closing statements (*see Celentano v Manheim Servs. Corp.,* 258 AD2d 493, 494). Smith, J.P., O'Brien, H. Miller and Cozier, JJ., concur.