■ DANIEL CRESPO, Respondent, v LEONARD M. KRAMER, Appellant. [744 NYS2d 187] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated July 5, 2001, which, upon the granting of the plaintiff's motion for a directed verdict on the issue of liability and upon a jury verdict on damages, is in favor of the plaintiff and against him.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff brought the instant action to recover damages

for personal injuries allegedly sustained when the vehicle in which he was a passenger was rear ended by a car driven by the defendant. After the trial court directed a verdict for the plaintiff on the issue of liability, the case proceeded to a trial on damages. The jury returned a verdict finding that the plaintiff sustained a serious injury, and awarded him damages in the principal sum of $1,900,000.

On appeal by the defendant, we reverse the judgment and dismiss the complaint since no rational jury could find that the plaintiff sustained a serious injury based upon the evidence presented (*see Krakofsky v Fox-Rizzi,* 273 AD2d 277, 278). Since the plaintiff missed only one day of school and one or two days of work, he failed to establish a prima facie case that he suffered a medically determined injury which prevented him from "performing substantially all of the material acts which constitute [his] usual and customary daily activities" for at least 90 of the first 180 days following the accident (Insurance Law § 5102 [d]; *see Hernandez v Cerda,* 271 AD2d 569, 570; *Scott v Leung,* 287 AD2d 612; *Attanasio v Lashley,* 223 AD2d 614; *Baker v Zelem,* 202 AD2d 617).

Additionally, the plaintiff failed to establish a prima facie case that he sustained a "permanent loss of use of a body organ, member, function or system" as a result of the accident (Insurance Law § 5102 [d]), since there was no evidence that the alleged injuries to his cervical or lumbar spine resulted in a total loss of use of either (*see Oberly v Bangs Ambulance,* 96 NY2d 295, 297).

Finally, the plaintiff also failed to establish a prima facie case that he sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). While a bulging disc may be sufficient to constitute a serious injury (*see Monette v Keller,* 281 AD2d 523), to succeed under this theory, a plaintiff is "required to provide objective evidence of the extent or degree of the limitation and its duration" (*Barbeito v Kesev Taxi,* 281 AD2d 379, 380; *see Monette v Keller, supra*). Although the plaintiff's examining physician testified that the plaintiff suffered a bulging disc at C5-C6 as a result of the accident which resulted in a 15-degree loss of rotation of the cervical spine, the plaintiff testified that he was treated by a chiropractor for "[m]aybe a few weeks" after the accident, and he did not obtain any further treatment for his injuries for five years, or until about three months prior to trial. The plaintiff provided no explanation for this five-year gap in treatment (*see Borino v Little,* 273 AD2d 262; *Rum v Pam Transp.,* 250 AD2d 751). Nor was there any evidence as to any treatment which

the plaintiff received during this five-year period (*see Goldin v Lee,* 275 AD2d 341; *Rum v Pam Transp., supra*). Santucci, J.P., Smith, Goldstein and Friedmann, JJ., concur.