■ ELLYN GRAMMATICO, Appellant, et al., Plaintiff, v STORE WIDE DELIVERY Co., INC., et al., Respondents. [745 NYS2d 437] —In an action to recover damages for personal injuries, etc., the plaintiff Ellyn Grammatico appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 5, 2001, as granted those branches of the separate motions of the defendants Store Wide Delivery Co., Inc., Rollins Leasing Co., and James Pisano, the defendants Albert Babajanian and Lida Babajanian, and the defendants Lisa D. Cohen and Ford Motor Credit Co., which were for summary judgment dismissing the complaint insofar as asserted by her and against those defendants on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants Store Wide Delivery Co., Inc., Rollins Leasing Co., James Pisano, Albert Babajanian, Lida Babajanian, Lisa D. Cohen, and Ford Motor Credit Co., met their initial burden of establishing, prima facie, their entitlement to summary judgment dismissing the complaint insofar as asserted by the plaintiff Ellyn Grammatico (hereinafter Grammatico) and against those defendants on the ground that Grammatico did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955). Their proof established, inter alia, that Grammatico did not suffer a "significant limitation" or a "permanent consequential limitation" of use of her neck or back as a result of either of the two accidents. In opposition, Grammatico failed to raise a triable issue of fact as to whether she sustained a serious injury as a result of the accidents. The affirmation of her treating orthopedist was based upon initial examinations conducted within four months of the second accident which failed to quantify the alleged range of motion restrictions in her neck or back (*see Mejia v Thom,* 280 AD2d 528; *Herman v Church,* 276 AD2d 471; *Reynolds v Cleary,* 274 AD2d 509). Furthermore, the orthopedist failed to explain the more than five-year gap between his initial examinations and his most recent examination, and failed to set forth the treatment, if any, that Grammatico received for her alleged injuries during that period of time (*see Mejia v Thom, supra; Reynolds v Cleary, supra; Cabri v Park,* 260 AD2d 525; *Bandoian v Bernstein,* 254 AD2d 205). Florio, J.P., Goldstein, Luciano and Cozier, JJ., concur.