■ EVELYN PERALTA et al., Respondents, v RICHARD CARTA et al., Appellants. [751 NYS2d 246] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Rosen-

berg, J.), dated November 20, 2001, as denied that branch of their motion which was for summary judgment dismissing the complaint on the ground that the plaintiff Evelyn Peralta did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint on the ground that the plaintiff Evelyn Peralta did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted, and the complaint is dismissed.

The defendants established their prima facie entitlement to summary judgment dismissing the complaint by submitting evidence that Evelyn Peralta (hereinafter the infant plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955). In opposition, the plaintiffs submitted the infant plaintiff's affidavit and an affirmed medical report from her treating physician. The plaintiff's physician initially examined the infant plaintiff two days after the accident and found limitations of range of motion in her neck, left elbow, lumbar spine, and right knee. He did not report any range of motion restrictions during the three-year period of time between the accident and the final examination, and concluded that some of the original diagnoses had partially resolved. The final examination, conducted over three years after the accident, revealed a full range of motion in the cervical and lumbar spines. Furthermore, while this final examination revealed for the first time a "decreased range of motion" of the right hip joint, there was no evidence of the extent or degree of the alleged limitation and its duration (*see Lentini v Melina,* 287 AD2d 550; *Descovich v Blieka,* 279 AD2d 499; *Linares v Mompoint,* 273 AD2d 446). Moreover, there was no objective medical proof to support this finding (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345). Consequently, the plaintiffs failed to raise a triable issue of fact as to whether the infant plaintiff sustained a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]) as a result of the subject automobile accident.

The plaintiffs failed to demonstrate that the infant plaintiff sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following

the accident (*see Licari v Elliott,* 57 NY2d 230; *Crespo v Kramer,* 295 AD2d 467; *Delpilar v Browne,* 282 AD2d 647; *Ocasio v Henry,* 276 AD2d 611; *Lee v Fischer,* 244 AD2d 389). Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.