■ Hector Alvarez, Respondent, v Kerri A. Green, Appellant. [758 NYS2d 128] —In an action to recover damages for personal injuries, the defendant appeals from (1) a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered April 15, 2002, which, upon a jury verdict, is in favor of the plaintiff and against her in the principal sum of $30,000, and (2) an order of the same court, dated June 6, 2002, which denied her motion pursuant to CPLR 4404 (a), inter alia, to set aside the jury verdict and for judgment in her favor as a matter of law. Justice Rivera has been substituted for the late Justice O'Brien (see 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, the motion is granted, the judgment is vacated, and the complaint is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of our determination on the appeal from the order; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff brought the instant action to recover damages for personal injuries which he allegedly sustained in a two-vehicle accident with the defendant. After the plaintiff was awarded summary judgment on the issue of liability, the case went to trial on damages. The jury returned a verdict finding that the plaintiff had sustained a significant limitation of use of a body function or system and awarded him a total of $30,000 in damages. A judgment was entered in favor of the plaintiff in that principal amount, and the Supreme Court subsequently denied the defendant's motion pursuant to CPLR 4404 (a), inter alia, to set aside the verdict and for judgment in her favor as a matter of law. On appeal by the defendant, we reverse the judgment and order and dismiss the complaint.

Pursuant to CPLR 4404 (a), a court may, inter alia, "set

aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law." It is well settled that in order for the court to do so, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *see LePatner v VJM Home Renovations,* 295 AD2d 322, 323 [2002]).

In the instant case, the plaintiff failed to establish a prima facie case that he sustained a serious injury. In order to prove the extent or degree of physical limitation under Insurance Law § 5102 (d), "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury * * * An expert's *qualitative* assessment of a plaintiff's condition also may suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002] [emphasis in original;citations omitted]). In the instant case, the plaintiff offered no such evidence. Therefore, the defendant's motion to set aside the verdict and for judgment in her favor as a matter of law should have been granted (*see Crespo v Kramer,* 295 AD2d 467, 468 [2002]).

In light of our determination, we need not address the defendant's remaining contention. S. Miller, J.P., Friedmann, Cozier and Rivera, JJ., concur.