LORI RAUGALAS, Appellant, et al., Plaintiff, v CHASE MANHATTAN CORP. et al., Respondents. [760 NYS2d 204] —In an action to recover damages for personal injuries, etc., the plaintiff Lori Raugalas appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered June 11, 2002, which, upon the granting of the defendants' motion pursuant to CPLR 4404 to set aside a jury verdict in her favor on

the issue of damages and for judgment as a matter of law, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Pursuant to CPLR 4404 (a), the trial court "may set aside a verdict * * * and direct that judgment be entered in favor of a party entitled to judgment as a matter of law." It is well settled that in order for the court to do so, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *see Alvarez v Green,* 304 AD2d 509 [2003]; *LePatner v VJM Home Renovations,* 295 AD2d 322, 323 [2002]). In this case, the trial court properly set aside the jury verdict in the injured plaintiff's favor and directed that judgment be entered in favor of the defendants because the injured plaintiff failed to establish a prima facie case that she had sustained a serious injury as defined by Insurance Law § 5102 (d).

The injured plaintiff failed to establish a prima facie case that her injuries prevented her from performing substantially all of the material acts constituting her customary daily activities for at least 90 days out of the 180 days following the accident as she did not miss any time from work (*see Crespo v Kramer,* 295 AD2d 467 [2002]; *Scott v Hing Chee Leung,* 287 AD2d 612 [2001]; *Hernandez v Cerda,* 271 AD2d 569, 570 [2000]; *Ocasio v Henry,* 276 AD2d 611 [2000]; *Lalli v Tamasi,* 266 AD2d 266 [1999]; *Attanasio v Lashley,* 223 AD2d 614 [1996]; *Baker v Zelem,* 202 AD2d 617 [1994]). Similarly, she failed to establish a prima facie case that she suffered a permanent loss of use of a body organ, member, function, or system as a result of the accident (*see* Insurance Law § 5102 [d]) because she did not suffer a total loss of use of either her cervical or lumbar spine (*see Oberly v Bangs Ambulance,* 96 NY2d 295, 297 [2001]; *Crespo v Kramer, supra*). The testimony of the injured plaintiff's treating chiropractor was insufficient to establish that she sustained a significant limitation of use of a body function or system since his testimony regarding the injured plaintiff's restrictions of motion in her cervical and lumbar spine was based upon his initial examination of her, conducted in May 1995, more than five years before the trial (*see Kauderer v Penta,* 261 AD2d 365, 366 [1999]; *Mohamed v Dhanasar,* 273 AD2d 451 [2000]). Moreover, the treating chiropractor failed to show that he relied upon objective, rather than subjective, medical tests in arriving at his conclusions (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002];

*Grossman v Wright,* 268 AD2d 79, 84-85 [2000]; *Kauderer v Penta, supra* at 366). Santucci, J.P., Friedmann, Mastro and Rivera, JJ., concur.