■ SELMAN A. ERSOP, Respondent, v MICHAEL A. VARIANO, Appellant. [763 NYS2d 482] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Orange County (Owen, J.), dated February 22, 2002, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing of entitlement to judgment as a matter of law by submitting the affirmation of

an orthopedist and a radiologist (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Grossman v Wright*, 268 AD2d 79, 84 [2000]; *Turchuk v Town of Wallkill*, 255 AD2d 576 [1998]). The orthopedist examined the plaintiff, the plaintiff's medical records, and X-rays of the plaintiff's cervical spine and concluded that the cervical sprain the plaintiff sustained in the accident, which occurred more than four years earlier, had completely resolved. He found that the plaintiff had full range of motion in all directions, no evidence of spasm or atrophy, and no pain on palpation. He further found no indication of cervical radiculopathy, herniated cervical disc, or neurologic deficit. The radiologist examined a magnetic resonance imaging of the plaintiff's cervical spine and concluded that "a probable posterior disc bulge at C6-7" was due to chronic degenerative disc disease, rather than trauma.

The plaintiff's opposition was insufficient to raise a triable issue of fact as to whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d). At the time of examination by his treating physician on February 5, 2002, the plaintiff had not received treatment for injuries associated with the accident since November 1998. The plaintiff offered no explanation for the more than three-year gap, nor did he describe any treatment he had received in the interim (*see Taylor v Jerusalem Air,* 280 AD2d 466 [2001]; *Slasor v Elfaiz,* 275 AD2d 771 [2000]; *Grossman v Wright, supra* at 84; *Smith v Askew,* 264 AD2d 834 [1999]). The plaintiff's treating physician asserted that the plaintiff had a "moderate/marked limitation of motion of his cervical spine." However, he did not identify what objective tests, if any, he performed in arriving at his conclusions concerning alleged restrictions in the plaintiff's motion, nor did he specify the degree of the limitation in motion (*see Kassim v City of New York,* 298 AD2d 431 [2002]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *see Grossman v Wright, supra; Reynolds v Cleary,* 274 AD2d 509 [2000]). The plaintiff's physician merely recounted the plaintiff's subjective claim of pain and limitation of motion without verification by objective medical findings (*see Grossman v Wright, supra* at 84; *Lanza v Carlick,* 279 AD2d 613 [2001]; *Phillips v Costa,* 160 AD2d 855 [1990]).

Furthermore, the plaintiff failed to demonstrate that he sustained a medically-determined injury or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180-day period immediately following the accident.

The plaintiff failed to submit objective evidence substantiating the existence of a medically-determined injury which caused his extended absence from work (*see Taylor v Jerusalem Air, supra; Sainte-Aime v Ho, supra; Jackson v New York City Tr. Auth.*, 273 AD2d 200 [2000]; *Kauderer v Penta*, 261 AD2d 365 [1999]). Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.