■ MICHAEL LEWIS et al., Respondents, v UNIQUE VAN SERVICE, INC., et al., Appellants, et al., Defendants. [781 NYS2d 767]—

In an action to recover damages for personal injuries, etc., the defendants Unique Van Service, Inc., and Dennis Atley appeal (1) from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 15, 2003, as denied their motion for summary judgment dismissing the cause of action asserted on behalf of the plaintiff Michael David, individually, insofar as asserted against them, on the ground that the plaintiff Michael David did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted the plaintiffs' cross motion for partial summary judgment against them on the issue of liability, and (2) from so much of an order of the same court dated October 7, 2003, as denied their motion for leave to renew.

Ordered that the appeal from the order dated October 7, 2003, is dismissed as academic in light of our determination on the appeal from the order dated July 15, 2003; and it is further,

· Ordered that the order dated July 15, 2003, is reversed insofar as appealed from, on the law, the motion is granted, the cause of action asserted on behalf of the plaintiff Michael David, individually, insofar as asserted against the defendants Unique Van Service, Inc., and Dennis Atley, is dismissed, and the cross motion is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants Unique Van Service, Inc., and Dennis Atley.

The appellants made a prima facie showing that the plaintiff Michael David (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject 1995 motor vehicle accident through the submission of the affirmed medical reports of their experts, and the plaintiff's deposition testimony (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The reports submitted by two of the plaintiff's physicians in opposition to the appellants' motion were not in admissible form and could not be considered (*see Grasso v Angerami*, 79 NY2d 813, 814 [1991]; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]). The remaining medical report, which was affirmed, was based upon an examination of the plaintiff nearly eight years after his last treatment subsequent to the accident, without any accounting for this significant gap in time (*see Smith v Askew*, 264 AD2d 834 [1999]). In addition, while the examining physician stated that he found a condition known as "crepitus" in the patellofemoral joint upon motion of the plaintiff's knee, there is no indication that he performed any range of motion or stability tests, or any other diagnostic tests on the plaintiff's knee.

Accordingly, the appellants were entitled to summary judgment in their favor dismissing the cause of action asserted on behalf of the plaintiff.

The Supreme Court also erred in granting the cross motion for partial summary judgment on the issue of liability. The plaintiff's deposition testimony raised questions as to the happening of the accident, which were brought into further focus with the contradictory deposition testimony of the plaintiff's son, the plaintiff Michael Lewis, who was the front-seat passenger in the plaintiff's vehicle at the time of the accident. Santucci, J.P., H. Miller, Luciano, Crane and Spolzino, JJ., concur.