■ JACEK SIERADZKI, Appellant, v US EXPRESS LEASING et al., Respondents. [786 NYS2d 362]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated December 12, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants submitted the affirmed medical reports of an orthopedist and a neurologist, both of whom examined the plaintiff nearly two years after the accident, and determined that he had full range of motion in his cervical and lumbosacral spines and his shoulders, and that he had no permanent injury, disability, restriction, or limitation. In opposition, the affidavits of the plaintiff's physicians were conclusory in nature, and therefore insufficient to raise a triable issue of fact (*see Giannakis v Paschilidou*, 212 AD2d 502 [1995]; *Powell v Hurdle*, 214 AD2d 720 [1995]; *Kauderer v Penta*, 261 AD2d 365 [1999]; *Carroll v Jennings*, 264 AD2d 494 [1999]; *Smith v Askew*, 264 AD2d 834 [1999]).

Moreover, the plaintiff's physicians offered no explanation regarding the gap of nearly two years between the conclusion of the plaintiff's treatment in or about September 2001 and their examination of him in September 2003 in response to the defendants' motion (*see Jimenez v Kambli*, 272 AD2d 581 [2000]; *Smith v Askew, supra*).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.