■ SINCLAIR BRUCE et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [792 NYS2d 193]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated February 11, 2004, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Sinclair Bruce did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants made a prima facie showing that the plaintiff Sinclair Bruce (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see*

*Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affidavit of the plaintiff's examining chiropractor was insufficient to raise a triable issue of fact. No satisfactory explanation was given for the nearly 3½-year gap between the conclusion of the plaintiff's medical treatments and the date of his examination by the chiropractor (*see Smith v Askew*, 264 AD2d 834 [1999]), and it is clear that the chiropractor partially based his conclusions on inadmissible, unsworn medical records (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]).

Finally, the plaintiff submitted no medical evidence indicating that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]).

Accordingly, the defendants' motion for summary judgment should have been granted. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.