■ JULIUS SMITH, JR., Appellant, et al., Plaintiff, v RUSSEL HOUDE et al., Defendants, and LESLIE BROWN, Respondent. [794 NYS2d 922]—In an action to recover damages for personal injuries, the plaintiff Julius Smith, Jr., appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Hart, J.), dated February 20, 2004, as, upon a jury verdict finding that he did not sustain a serious injury to his knee within the meaning of Insurance Law § 5102 (d), and the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the defendant Leslie Brown and against him dismissing the complaint insofar as asserted by him against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Pursuant to CPLR 4404 (a), inter alia, a "court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence." A jury verdict should not be set aside, and a new trial ordered, unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]). The Supreme Court properly denied the appellant's motion to set aside the jury's verdict finding that he did not sustain a serious injury to his knee because the verdict was based upon a fair interpretation of the evidence (*see* Insurance Law § 5102 [d]; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Mercado v Garbacz*, 16 AD3d 631 [2005]; *Raugalas v Chase Manhattan Corp.*, 305 AD2d 654 [2003]). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.